JAMES L. FARQUHAR ET AL. V. WILLIAM ·HENDLEY & CO.

Where a judgment in favor of a plaintiff, has been reversed in this court, he is
   not entitled, on a subsequent judgment in the District Court in his favor, to
   recover from the defendant, the costs that had been previously adjudged
   against him by this court.
But a judgment of the District Court, for the plaintiff, for his debt, and "all
   costs in this behalf expended," does not include the costs previously adjudged
   against him in this court.
If such costs are taxed against the defendant, his remedy is by a motion in the
   District Court, to re-tax the bill of costs.

ERROR from Washington. Tried below before the Hon. R.
E. B. Baylor.

This was a suit by the defendants in error against the plain-
tiffs in error, James L. Farquhar, Josiah R. Franklin, and Rich-
ard J. French. The plaintiffs recovered a judgment against them
for $1356.44, from which they prosecuted their writ of error.
The facts are stated in the opinion.

*William P. Rogers*, for the plaintiffs in error.

*J. D. & D. C. Giddings*, for the defendants in error.

BELL, J.—This cause was tried in the District Court for Wash-
ington county, at the Fall Term, 1856. Upon that trial, a jury
found a verdict for the plaintiffs, William Hendley & Co., for
$1050.35. This amount was less than was due upon the note
sued on, the jury having made a mistake in the calculation of
interest. Upon motion, and without recalling the jury, judg-
ment was entered for a sum larger than that found by the jury
in favor of the plaintiffs. That judgment, upon writ of error,
was reversed by this court, at the October Term, 1857; and the
cause was remanded to the District Court for another trial. The
cause came on again for trial in the District Court, at the Fall
Term, 1858. Judgment was rendered for the plaintiffs for their

Farquhar v. Hendley.

debt, "together with all costs in this behalf expended." When execution was issued upon this judgment, the clerk of the District Court taxed the costs upon the writ of error to this court, and the cost of the transcript of the record, which was brought up to this court, against the defendants.

It is now alleged as error, that the judgment below was for "all costs," which resulted in the erroneous taxation, against the defendants below, of the costs of the former writ of error to this court. The judgment below is in the usual form, and cannot be understood to intend what it does not express. The judgment is for the plaintiffs, for their debt, and "all costs in this behalf expended." This will not be taken to be a judgment for the plaintiffs below, for the costs adjudged against them in this court, upon the former writ of error. It was not proper for the district clerk to tax the costs that had been incurred in this court, against the defendants in the court below.

But there is no error in the judgment of the District Court, and the remedy of the defendants below, was a motion in the District Court, to re-tax the costs. The execution, which is brought up as a part of the record, in order to show the erroneous taxation of costs, shows also that a credit has been entered on the execution, by the plaintiffs below, for the amount of the costs, improperly included by the clerk, in the execution. The judgment of the court below is affirmed, with damages for the delay.

Affirmed with damages.