## McLENNAN COUNTY v. JOHN N. GRAVES ET AL.

### No. 1032. Decided October 31, 1901.

**1. District Court—Jurisdiction—Taxation of Costs.**

The district court has jurisdiction to retax, on motion, the costs incurred in enforcing, by foreclosure sale, the execution of its judgment recovered at a previous term. (P. 639.)

**2. Costs—Transcript—Irrelevant Matter.**

The appellant, being charged with the duty of having the transcript prepared, should see that it includes no impertinent matter, and, though successful, is properly chargeable with the cost of its insertion in the transcript. (P. 639.)

**3. County School Fund—Cost of Collection.**

In the collection by suit of county school funds derived from the sale of its school lands, the costs incurred are payable out of the trust fund in question, and not out of the general revenues of the county. (P. 639.)

**4. Sheriff's Fees—Foreclosure Sale—Commissions.**

On the sale of land in foreclosure, under one judgment, order of sale, and advertisement, but in several parcels to different purchasers, the aggregate of the various sales is to be taken as a single sum for the purpose of computing the commissions allowed the sheriff by article 2460a, Revised Statutes. (Pp. 639, 640.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Eastland County.

McLennan County appealed from a judgment on motion for retaxation of the costs on a sheriff's sale of lands under a judgment in its favor. The judgment was modified and affirmed, and appellant then procured writ of error.

*A. C. Prendergast* and *Wm. M. Sleeper*, for plaintiff in error.—The court below erred in rendering judgment in favor of the sheriff against McLennan County for costs for the sum of $799.25, which it did render herein, because there was no pleading or evidence authorizing, and no prayer praying for any such relief, and no such judgment could be rendered upon this proceeding to retax the costs and require the sheriff to pay the money, as was done in this case.

The lower court erred in rendering judgment against McLennan County for the sum of $799.25, because there was no allegation or proof that any claim therefor, or for any other sum had been presented to the Commissioners Court of McLennan County, or passed thereon by it.

All the money collected by the sheriff under the writ of venditioni exponas was a trust fund which could not be retained by the sheriff to pay any part of the costs, and could not even be used or appropriated by said county for that purpose; therefore the lower court erred in not requiring the sheriff to pay all of the money over to McLennan County, instead of requiring him to pay only $799.25 thereof.

One of the main questions in the case is whether, under the laws of this State, a sheriff collecting money under an order of sale is entitled to charge a fee for making a sale or sales, or whether under the law, he is only authorized to charge a certain per cent for collecting the money under such an order of sale. It is well established, both by statute and the decisions of this court, that no officer of this State can recover any fees that are not expressly allowed by law, and that no officer can recover any fees upon a quantum meruit. Article 2485, Revised Statutes, expressly makes it unlawful for any officer "to demand and receive any higher fees than are prescribed to them by law, or any fees that are not allowed by law," and authorizes the party aggrieved to recover fourfold in such case. This court has repeatedly and uniformly held that such an officer can not recover any fees unless the statute expressly authorizes and fixes them. Wharton County v. Ahldag, 84 Texas, 12; State v. Moore, 57 Texas, 320; State v. Norrell, 53 Texas, 430. Section 24 of the Act of June 18, 1897, of the Special Session of the Legislature, page 13, provides: "Sheriffs shall receive for the following services the following fees: * * * Collecting money on

\* \* \* an order of sale when the same is made by a sale, for the first $100 or less, 4 per cent; for the second $100, 3 per cent; for all sums over $200 and not exceeding $1000, 2 per cent; for all sums over $1000 and not exceeding $5000, 1 per cent; for all sums over $5000, one-half of one per cent." There is absolutely no other law of this State authorizing or permitting a sheriff to charge for making a sale.

*J. A. Frost* and *Theodore Mack*, for defendants in error.—Where a cause of action has been finally disposed of as between the parties litigant, the question of retaxing costs in which the defendants in the main suit are not concerned, and to require the sheriff to pay over funds in his hands, can not be heard on motion in the main suit, but such matter is cognizable only in an original proceeding or new suit. Hence a general demurrer should be sustained and the judgment of the trial court be affirmed and this appeal dismissed.

Where under a judgment and order of sale issuing thereunder, a sheriff is required to sell a tract of land comprising sixty-five distinct parcels, not in bulk, but each parcel separately, the sheriff is entitled to fees for making the sale estimated on each separate tract of land sold separately. Hence there is no error with respect to the matters complained of, since the sheriff was entitled to the highest per cent allowed by law for collecting money under a distinct sale of each tract or parcel of land. Batts' Civ. Stats., art. 2460a; Acts 1897, p. 13, sec. 24.

There is no error with respect to the matter assigned, because when a county appears as a litigant, the court has power to award judgment for costs against it, no reason appearing for filing the claim with the commissioners for allowance. The matter complained of is free from error because the record shows that the county was plaintiff in the case, had incurred certain costs, and the judgment of the court on the motion was in effect one establishing the costs against the county.

Where property of a defendant is sold under execution or order of sale, and costs are adjudged against him, the sheriff has the right to retain out of the fund thus collected costs due by such defendant. While it is ordinarily true that the permanent school funds of a county can not be diverted, still, the county having parted with title to the land, and seeking to enforce a lien upon it, the land sold was in legal effect the property of the defendants, and the lien of the county only attached to the surplus fund in the hands of the officer after the court costs due by the defendant are paid. The order of sale, which is not contested, required the officer to levy and apply proceeds first to payment of costs, etc. Since the fund in equity took the place of the land, and since the land belonged to the defendant, subject only to a lien in favor of plaintiff, the fund arising from the sale only became identified as a part of the school fund when paid to the proper officer. Hence the matter is free from error.

BROWN, ASSOCIATE JUSTICE.—On the 30th day of June, 1898, in the District Court of Eastland County, McLennan County recovered a

judgment of $25,065.16 against John N. Graves and others, foreclosing a vendor's lien upon a body of land which had been sold by McLennan County as its public school land, which lands were described in the petition and embraced various parcels, as the original purchaser from Mc-Lennan County had sold it to other persons who were made parties defendant in the suit to foreclose. The judgment bore 8 per cent interest from date and was for cost against the defendants. The decree provided for the issuance of an order of sale to the proper officer of Eastland County and that the land should be sold under the order of sale in parcels as specified and described in the judgment. The order of sale was issued on June 24, 1899, to the proper officer of Eastland County and directed the sale to be made in the manner specified in the judgment. The order of sale was levied upon the land on the day it was issued, but for the want of time to advertise and sell, the writ was returned and a venditioni exponas was issued to the sheriff of Eastland County under which the land was sold in the manner required by the terms of the order of sale. At the sale, McLennan County purchased fifty-six parcels of the land for sums amounting to $16,943, and five other persons each purchased a parcel of land at different prices, to wit: $200, $350, $500, $580, and $430, all of the sales aggregating the sum of $19,003. The sheriff of Eastland County paid over to Mc-Lennan County the sum of $17,607.36, retaining as costs the sum of $1395.64. Included in the sum retained was $571.90, charged as commissions upon the money collected by the sheriff, who calculated his commission at the statutory per cent upon each sale; that is, fifty-six sales to the county and five sales to the individuals, making sixty-one different sales, whereas the county of McLennan insisted that he was entitled to receive commissions upon the entire amount and not upon the sum received from each purchaser. McLennan County filed in the District Court of Eastland County a motion to retax the costs in the case and to require the sheriff to pay over all the money to the county, deducting nothing for costs of court or costs of sale, upon the ground that the money belonged to the school fund of the county and could not be appropriated to the payment of costs, but that McLennan County should pay the costs out of its own funds.

The trial court, without a jury, found the facts substantially as above stated and gave judgment in favor of the sheriff for all of the fees claimed by him, but directed that he should pay over to McLennan County $799.25 of the sum retained in his hands as costs. From this judgment McLennan County appealed. In the preparation of the transcript, about fifty pages of it is made up of the papers in the original suit, and the appellees in the Court of Civil Appeals filed a motion to have the cost of so much of the transcript charged against McLennan County, and McLennan County moved to have the cost of making the transcript reduced to 10 cents a hundred words instead of 20 cents. The Court of Civil Appeals sustained both of these motions to reduce the transcript to one-half of the amount charged and made an order charging the proportionate part of that amount against the appellant,

upon the ground that the papers were unnecessarily included in the transcript. The Court of Civil Appeals held that the sheriff of McLennan County was entitled to commissions as upon one sale for all of the parcels sold to McLennan County and commissions upon each of the separate sales made to the other five persons. McLennan County and the sheriff of Eastland County have both sued out writs of error to this court for a review of the judgment of the Court of Civil Appeals.

The application of defendant in error presents opposing views of the questions submitted by plaintiff in error, except that the defendant in error objects to the jurisdiction of the trial court to hear the motion because the judgment had been rendered at a previous term. The force of the objection is not apparent, since the motion to retax the cost did not seek to affect the judgment but to correct errors of an officer of the court committed in enforcing its judgment. The motion could not have been filed before the error occurred. Farquhar v. Hendly, 24 Texas, 300.

The Court of Civil Appeals held that the transcript contained matter rot necessary to a review of the questions presented and taxed the cost of copying those papers into the transcript against McLennan County. The appellant was charged with the duty of having the transcript prepared and should have seen to it that it included no impertinent matter. Blum v. Davis, 56 Texas, 430.

The plaintiff in error insists that the money collected belonged to the school fund of McLennan County and that it can not be applied to the payment of cost incurred in its collection. McLennan County is trustee for the school fund, which, as beneficiary, was virtually a plaintiff in this suit, and we are of opinion that it was not exempted from the general rule that the cost of enforcing a claim has prior right to satisfaction out of money collected in the proceeding. City of San Antonio v. Barry, 92 Texas, 327. In the case cited, this court held a homestead liable for the cost of a proceeding to enforce a lien upon it.

Article 2460a of the Revised Statutes (Batts' Digest) provides as follows: "Sheriffs shall receive for the following services the following fees: * * * Collecting money on an execution or an order of sale, when the same is made by a sale, for the first $100 or less, four per cent; for the second $100, three per cent; for all sums over $200 and not exceeding $1000, two per cent; for all sums over $1000 and not exceeding $5000, one per cent; for all sums over $5000, one-half of one per cent." The statute was in force at the time of the transaction inquired of and must determine the rights of the parties. Under one order of sale, one advertisement, and at the same time and place, the sheriff sold sixty-one parcels of land, fifty-six of·which were bid off by McLennan County, the plaintiff in the writ, and five different persons each bought a tract. In taxing his commissions for making the sale, the sheriff calculated the fees upon the amount bid for each separate parcel of the land as a separate amount, making the sum of $571.90, commission for collecting $19,003. The District Court sustained this claim, but the Court of Civil Appeals reversed and reformed the judg-

ment, holding that the sheriff was entitled to charge only for six sales instead of the sixty-one, and reduced the amount of his recovery to $178.91½. The plaintiff in error contends that the whole amount derived from all the sales should be considered as one sum upon which to estimate the commissions. The language, "when the same is made by a sale," can not be construed to mean that the "knocking down" of each separate piece of the property is to be considered "a sale." "A sale" as used in this statute, imports just what it is commonly understood to mean; that is, there was "a sale" of the land, although it was divided into different parcels and cried off to separate bidders. This construction is made plainer by the provisions in the preceding article 2460, that the sheriff shall receive $2 for executing a deed to each purchaser of real estate under execution or order of sale. It was not intended to make a distinction between the sale of all the property and the sale to particular individuals, but that there might be more than one purchaser at "a sale" is recognized by giving the sheriff a fee for making a deed to each purchaser; and if it had been intended that each one of these should be considered as a separate sale, then it would have been easy, in article 2460a, to express that the sheriff should receive the per cent named upon the sum received from each purchaser, or some such term which would have indicated the same purpose with regard to the commissions as that expressed with reference to the making of the deed.

It is true that there would be some additional labor in making sales of property in parcels, but this is provided for in the compensation allowed for making a deed to each purchaser.

We are of opinion that the District Court and Court of Civil Appeals erred in construing the statute and it is ordered that the judgments of both courts be reversed and judgment be entered allowing the sheriff, Noble, to retain in his possession as commissions upon said sale the sum of $133.01½ as well as all costs of the suit, and that he pay over to McLennan County all money collected in excess of said amounts. It is further ordered that the plaintiff in error recover of the defendant, Noble, all costs in this proceeding in all of the courts, except the sum of $17.65, the cost of inserting in the transcript the immaterial matter.

*Reversed and rendered.*