**PECOS & N. T. RY. CO. v. PORTER et al.**

(Court of Civil Appeals of Texas. Amarillo. June 7, 1913.)

1. COSTS (§ 256*)—ON APPEAL—STATEMENT OF FACTS—CONTENTS.

Under Rule 84 for the District Courts (142 S. W. xxiii), providing that amended pleadings shall take the place of those for which they are substituted, and the abandoned pleadings shall be left out of the record, and Rule 85, providing that, in making a transcript for appeal, all papers shall be entered in the order in which they occurred unless, with the approval of the judge, counsel shall agree in writing as to those which may be omitted as useless in the decision of the case, it was not necessary to copy the original and amended petitions in the statement of facts, if they already appeared in the transcript, even though they were introduced in evidence to show the date of filing the action, the parties, and the change in the cause of action, but the facts shown thereby should have been briefly stated in the statement of facts.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 968–971; Dec. Dig. § 256.*]

2. COSTS (§ 256*)—ON APPEAL—STATEMENT OF FACTS—APPROVAL BY APPELLEE—ESTOPPEL.

The fact that the appellees agreed to the statement of facts does not estop them from asserting that it was unnecessarily prolix.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 968–971; Dec. Dig. § 256.*]

3. COSTS (§ 256*)—ON APPEAL—STATEMENT OF FACTS—OMISSION OF IMMATERIAL MATTERS—DUTY OF APPELLANT.

Under Rule 85 (142 S. W. xxiii), above set forth, the appellant must endeavor to agree with appellees for the elimination of unnecessary papers.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 968–971; Dec. Dig. § 256.*]

4. COSTS (§ 256*)—ON APPEAL—TRANSCRIPT—BILL OF EXCEPTIONS—CONTENTS—AMENDED PLEADINGS.

Where error was assigned to the overruling of a motion to dismiss the suit on the ground of a change of cause of action in the amended petitions, the original and amended petitions should be set out in the transcript, but need not be in the bill of exceptions.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 968–971; Dec. Dig. § 256.*]

5. COSTS (§ 256*)—ON APPEAL—TRANSCRIPT—CONTENTS—MOTION TO DISMISS.

Where such a motion for dismissal is set out in full in the bill of exceptions, it need not be copied in the transcript.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 968–971; Dec. Dig. § 256.*]

6. COSTS (§ 256*)—ON APPEAL—STATEMENT OF FACTS—CONTENTS—EVIDENCE.

Evidence, which is set out in full in the bill of exceptions, need not be repeated in the statement of facts, under Rev. Civ. St. 1911, art. 2060, providing that where the statement of facts contains all the evidence requisite to a bill of exceptions, the evidence need not be set out in the bill, and it is the appellant's duty to try to obtain a written agreement for the omission of such evidence from the statement.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 968–971; Dec. Dig. § 256.*]

On motion to retax costs after reversal of judgment. Motion granted.

For opinion reversing the judgment, see 156 S. W. 267.

HALL, J. Appellee has filed a motion to retax the costs in this case. By reason of the fact that the judgment was reversed and the cause remanded, the clerk of this court, in accordance with Revised Statutes, art. 2035, which is as follows: "The successful party to a suit shall recover of his adversary all the costs expended or incurred therein, except where it is or may be otherwise provided by law"—and the further article of the statute, providing for the issuance of execution from this court against the party adjudged to pay such costs, has taxed the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

costs against appellees, and is urging the payment thereof. It is insisted in the motion that the record in this case has been prepared in flagrant disregard of the statutory provisions and the rules governing its preparation, and in gross disregard of the rights of the appellee, in that many of the proceedings of the trial court appear twice in the transcript, and many other proceedings and documents are duplicated in the record by being inserted both in the transcript and in the statement of facts.

[1] To be more specific, the following matters are complained of: The original petition appears in both the transcript and the statement of facts, and the same condition exists as to the first amended original petition, second amended original petition, and the third amended original petition. Appellees insist because these pleadings have been superseded by a fourth amended original petition, that under Rule 84 for the county and district courts (142 S. W. xxiii) they have no place in the record. The statement of facts shows that the original petition was offered in evidence by appellant for the purpose of showing the date of filing suit, the parties thereto, and the nature of the action, and the first, second, and third amendments thereof were offered in evidence for the purpose of showing the date upon which each of these amended pleadings were filed, and the nature and change of the cause of action and of the parties. Rule 84, for the district courts, in part is as follows: "In making a complete record, as prescribed by statute, all the proceedings in the case shall be entered in the order of time in which they occur; provided, amended pleadings shall take the place of those for which they are substituted, and the pleadings thus superseded (except such as are specified in Rule 14), and those that are abandoned as shown by an order or judgment of the court, shall be left out of the record." Rule 85 (142 S. W. xxiii), promulgated before the present law separated the statement of facts from the transcript, provides: "In making a transcript" for appeal to this court, "the proceedings shall be entered in the order of time in which they occurred, as prescribed in Rule 84, unless, with the approval of the judge, *counsel on each side shall agree in writing* to be itself filed and copied in the transcript, *directing the clerk which of the papers may be left out, as being useless in the decision of the case.*" In our opinion, if they should have been in the statement of facts at all, it was not necessary for these abandoned pleadings to have been copied in full, but the date upon which each of them was filed, together with a statement as to the parties, plaintiff and defendant, mentioned therein, and a succinct statement of the nature of the action, might easily have been incorporated therein and thus have eliminated several pages of the statement as it now exists. The third amended petition is six pages of typewritten matter, and the pre-

ceding pleadings are correspondingly lengthy.

[2] There is no agreement in the record, aside from the agreement of counsel, found at the end of the statement of facts, relating to the contents thereof, and the incorporation of these matters is clearly chargeable to the appellant. McLennan Co. v. Graves, 94 Tex. 635, 64 S. W. 861. Appellant insists, however, that, appellees having agreed to the statement, they cannot now be heard to object that it is unnecessarily prolix. Findlay, Chief Justice, in Caswell v. Hopson, 43 S. W. 547, said: "It is insisted that appellee's counsel are estopped to object to the manner in which the statement was prepared, by reason of the fact that they agreed to the statement. The rules in question were not made for the convenience and benefit of counsel, but were intended to facilitate the correct and orderly dispatch of business in the appellate courts. The court could strike out and disregard such a statement of facts upon its own motion. The doctrine of estoppel, therefore, has no application."

[3] We think the rule required appellant to resort to all reasonable means in order to reduce the volume and costs of the record (which is the transcript, together with the statement of facts. Heflin v. E. Ry. Co. of N. M. [Sup.] 155 S. W. 188), and to that end an effort to agree with appellees' counsel upon the elimination of the greater part of the matters specified in this objection should have been made. We think, if appellant, after trying and failing to agree with appellees' counsel, upon a brief statement of facts sought to be shown by the introduction of these pleadings, had been forced to copy the entire instrument in the statement of facts, it would have been the duty of this court, upon a proper showing, to have taxed the costs thereof against appellees, regardless of the final determination of the suit. We have said this much upon the general proposition advanced by appellees.

[4] Inspection of the record shows that a motion was made by appellants to dismiss the suit in which the alleged change in the cause of action, etc., by amended pleadings was urged as the ground of dismissal. This motion is copied in the transcript, and is also set out in full in bill of exceptions No. 12, filed by appellants. The transcript further contains the order of the court overruling it. These matters appearing fully in the transcript, it was not necessary for the pleadings, or even the substance thereof, to appear in the statement of facts. We think it was proper for the superseded pleadings themselves to be in the transcript, for the reason that appellant, by its first assignment of error, insists that the court erred in overruling this motion to dismiss, which renders it necessary for this court to inspect the pleadings in order to judge of the propriety of such ruling.

[5] Appellees contend that the motion to dismiss, having been copied at length in the

bill of exceptions, should not have been again transcribed in the transcript. In our opinion this contention is sound. The record should bring before this court the entire proceedings in the trial court upon which error is sought to be predicated, but care should be exercised to avoid incumbering the record by useless repetition in the transcript or statement of facts of any written matter which has been made clearly to appear one time. Reference could have been made in the brief to the motion as incorporated in the bill of exceptions, which would have been sufficient to direct this court to its consideration.

[6] Objection is further made by appellees that a long list of items, which was attached to the deposition of one Cameron, and another list attached to the deposition of Mrs. Leihman and Mrs. Porter, and a copy of an assignment from J. H. Porter and wife to B. M. Porter, a copy of a second assignment from L. Cameron to B. M. Porter, and the opinions and rulings of the Interstate Commerce Commission, and the motion of the defendant to withdraw its announcement of ready for trial have each been copied in full in bills of exception reserved by appellant, and are again transcribed into the statement of facts. Article 2060, Revised Statutes, is: "Where the statement of facts contains all the evidence requisite to explain the bill of exceptions, it shall not be necessary to set out such evidence in the bill of exceptions; but it shall be sufficient to refer to the same, as it appears in the statement of facts." But in Texas Central Railway Co. v. Flanary, 45 S. W. 214, Key, Justice, said: "But, as the statement of facts in this case was not filed until after final adjournment of the court, and as appellant, before such final adjournment, procured and filed properly authenticated bills of exceptions to all the rulings complained of in the statement of facts, it is manifest that these objections, and the rulings thereon, should not have been incorporated in the statement of facts; and it is reasonably certain that they were not so incorporated for the purpose of preserving objections to testimony."

The record discloses that the bills of exception, taken to the action of the court in admitting the testimony of Cameron, Mrs. Leihman, Mrs. Porter, and in admitting the assignments from J. H. Porter and wife to B. M. Porter, and from Cameron to B. M. Porter, as well as the opinions and rulings of the Interstate Commerce Commission, have been brought forward and insisted upon in the brief of appellants. While evidence offered and excluded should not be contained in the statement of facts (Home C. S. No. 2 v. Shelton, 85 S. W. 321), all evidence admitted must necessarily be in the statement of facts, unless counsel on each side shall agree in writing that it be omitted. And this case illustrates the importance and wisdom of Rule

85. If any of this evidence had been set out in full in bills of exception, or was attached to the pleadings as exhibits, and in that way had appeared in the transcript, then it was obviously unnecessary to again set it out in the statement of facts, but in lieu thereof a mere reference in the statement of facts to where the same could be found in the transcript was sufficient. Byers et al. v. Thacker et al., 42 Tex. Civ. App. 492, 94 S. W. 139. And it was the duty of appellant under Rule 85 to try to obtain from appellee a written agreement for its omission. The costs incident to transcribing the original and the first, second, and third amended pleadings in the statement of facts, the cost of copying the motion to dismiss in the transcript and the cost of copying the list of items attached to the depositions of Cameron, Mrs. Leihman, and Mrs. Porter, and of copying the assignments from J. H. Porter and wife to B. M. Porter, and from Cameron to B. M. Porter, and of the opinions and rulings of the Interstate Commerce Commission into the statement of facts will be taxed against appellant. In the absence of any showing in the record to the contrary, we must presume that the bills of exception were taken by appellant to all these matters during the trial, and it must be held to have known that this evidence would be incorporated at length therein, and having subsequently prepared, or under its direction had prepared, a statement of facts, we think it was improper to include these matters in the statement, unless appellees had refused to agree that they be omitted.

The motion to retax costs is granted to the extent above indicated, and the clerk of this court is ordered to tax the costs accordingly.