GOUGH v. JONES. (No. 73–2838.)

(Commission of Appeals of Texas, Section A. June 11, 1919.)

1. JUDGMENT ☞524—CONSTRUCTION.

When the language of a decree is susceptible of two constructions, from one of which it follows that the law has been correctly applied to the facts, and from the other that the law has been incorrectly applied, that construction should be adopted which correctly applies the law.

2. VENDOR AND PURCHASER ☞285(4), 292 — VENDOR'S LIEN—FORECLOSURE—COSTS.

In suit to foreclose vendor's lien against vendee and one purchasing the land from him subject to the lien, but not assuming the lien, in which suit no apportionment of the costs between defendants was made by the decree, it was the right of such purchaser to have the costs satisfied out of the proceeds of the foreclosure sale before applying such proceeds to paying the lien, and the decree, being ambiguous in this respect, would be interpreted to accord such right.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by C. E. Gough against Mrs. R. E. Jones. Judgment for plaintiff was reversed and rendered by the Court of Civil Appeals (175 S. W. 1107), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and judgment of trial court affirmed.

Snodgrass, Dibrell & Snodgrass, of Coleman, for plaintiff in error.

Critz & Woodward, of Coleman, for defendant in error.

TAYLOR, J. C. E. Gough, plaintiff in error, filed this suit to restrain the sale under execution of a block of land owned by him in Coleman county. The injunction was granted, and upon hearing was perpetuated by the trial court. The Court of Civil Appeals reversed the judgment of the court below and rendered judgment dissolving the injunction. 175 S. W. 1107.

The injunction proceedings grew out of a prior suit filed by Mrs. R. E. Jones, defendant in error, against H. J. Cobb and the plaintiff in error. Cobb had theretofore purchased two tracts of land from Mrs. Jones, executing therefor eight promissory vendor's lien notes. The plaintiff in error subsequently purchased from Cobb subject to the vendor's lien, and, at the time Mrs. Jones filed suit, was in possession of the land. The purpose of the suit was to recover as against Cobb on the notes, and as against both defendants for foreclosure of the lien.

Judgment was rendered by default in favor of Mrs. Jones. The recitations of the judgment material for the purposes of this opinion are as follows:

"And it further appearing to the court that defendant C. E. Gough is now the owner and in possession of the aforesaid premises, and that he purchased said land subject to the aforesaid notes, and that this plaintiff is entitled to a judgment against said defendant C. E. Gough for a foreclosure of her lien as prayed for: It is therefore considered, ordered, and adjudged by the court that the plaintiff, Mrs. R. E. Jones, a widow, do have and recover of and from the defendant H. J. Cobb the amount of her notes, principal, interest, and attorney's fee, to wit, the sum of $3,325.00, principal, $268.73, interest thereon, and the further sum of $359.37, attorney's fee, total, $3,953.10, for which she may have her judgment and a foreclosure of her vendor's lien against the above-described land and premises against the said defendant H. J. Cobb and the defendant C. E. Gough, and that plaintiff do have and recover all costs of this suit against the defendants H. J. Cobb and C. E. Gough jointly and severally, for which execution may issue. It is the further order and judgment of the court that the vendor's lien against said above-described property as it existed on the 4th day of November, 1913, be and the same is hereby foreclosed; that the clerk of this court issue an order of sale, directed to the sheriff or any constable of Coleman county, commanding him to seize and sell said land as under execution; that he apply the proceeds thereof to the payment and satisfaction of the judgment herein rendered against the defendant H. J. Cobb and costs of suit, and, if said land sells for more than enough to satisfy said judgment herein rendered, then the officer shall pay the excess, if any, to the defendant C. E. Gough, and, in the event said lands do not sell for enough to satisfy said judgment, then said officer shall make the balance out of the defendant H. J. Cobb as under execution."

The sheriff duly sold the land, which was bought in for the sum of $3,953, the amount of the judgment, exclusive of costs. His return on the order of sale shows that the entire proceeds of the sale were paid by him in satisfaction of the judgment for the indebtedness evidenced by the notes, leaving unpaid the costs of suit, amounting to $113.60. Thereafter Mrs. Jones caused an execution to issue against the plaintiff in error for the costs, which was levied upon a block of land in Coleman county owned by him. He thereupon filed this suit to restrain the sale of the land.

This case turns upon the construction of the foreclosure decree. The question in effect presented by all of the assignments is whether, under the terms of the decree, Mrs. Jones was entitled to have execution issued against the plaintiff in error, after return of the order of sale showing the land sold for more than sufficient to satisfy the judgment for costs. If the issuance of the execution was authorized, the injunction should be dissolved; if not, the judgment of the trial court perpetuating the injunction restraining the sale should be affirmed.

Judge Gaines in Craddock et al. v. Edwards, 81 Tex. 609, 17 S. W. 228, says that—

"Decrees, like other writings, frequently require construction, and when such is the case the nature of the rights asserted in the suit by the parties respectively should be looked to in order to throw light upon their interpretation."

It is a rule of construction applicable to judgments that they should be construed like other writings. 1 Black on Judgments, §§ 116, 118, 123. When the judgment is ambiguous, the pleadings and entire record may be looked to in aid of construction. Richardson v. Trout, 135 S. W. 677 (writ denied); Freeman on Judgments (4th Ed.) vol. 1, § 45.

Plaintiff in error purchased the land subject to the vendor's lien recited in the Cobb notes. He did not assume their payment. No personal judgment could have been rendered against him legally, except for costs of suit. The decree correctly cast both plaintiff in error and Cobb in the costs of the suit, but does not provide in clear terms that upon sale of the land the officer apply the proceeds thereof first to the payment of the costs.

Chief Justice James says, in San Antonio v. Campbell, 56 S. W. 131:

"The plaintiff had judgment for the costs of the district court, including the cost of the transcript which had been incurred by the defendant, and the foreclosure was for the judgment and these costs. The city contends that it was subject to have deducted from the purchase money that part of the costs incurred by it only. *But it appears to be the well-settled rule that in such cases, when the purchase money is not sufficient to pay both, the costs are to be preferred in the payment.*" (Italics ours.)

The rule is announced by Judge Gaines in City of San Antonio v. Berry, 92 Tex. 327, 48 S. W. 499, in the following language:

"The principle applicable to the case is that the costs of enforcing a lien are incident to the debt and become part of it. It has been the common practice to enforce the rule in this state, and we are cited to no decision to the contrary. * * * In Freeman on Judgments, § 338, the rule is announced that, 'if costs are incurred in enforcing a lien, these are to be paid out of the proceeds realized and are to be preferred to the lien.' In Knight v. Whitman, 6 Bush [Ky.] 51 [99 Am. Dec. 652], the Court of Appeals of Kentucky applies the principle to the case of a homestead; and it is also distinctly recognized in Long v. Walker, 105 N. C. 90 [10 S. E. 858]. * * * We think the court did not err in its ruling."

Chief Justice Brown applied the rule in McLennan County v. Graves, 94 Tex. 639, 64 S. W. 861.

[1] When the language of a decree is susceptible of two constructions, from one of which it follows, that the law has been correctly applied to the facts, and from the other that the law has been incorrectly applied, that construction should be adopted which correctly applies the law.

[2] No apportionment of the costs between the defendant in the foreclosure suit is made in the decree. It was plaintiff in error's right, in the absence of such apportionment, to have the costs satisfied out of the proceeds of the foreclosure sale, and, in our opinion, the judgment contemplates that the proceeds of the sale should be so applied.

While it is true the decree provides in general terms that "execution may issue" against both Cobb and plaintiff in error for the costs of suit, its subsequent provisions considered in connection with the entire record and the decree as a whole indicate that execution should issue against the plaintiff in error only in the event the proceeds of the sale are not sufficient to pay the costs. It is stated in clear terms in the decree that the officer, in the event the lands do not sell for enough to satisfy "said judgment," shall make the balance out of the defendant Cobb as under execution. The court evidently intended to include both the award on the notes and for costs in the term "said judgment," if the award on the notes only is meant, the judgment for costs, which is against both defendants, remains unsatisfied if the proceeds are insufficient. If the proceeds are applied first to the payment of costs, and are sufficient to pay the same, the only judgment remaining unsatisfied is against Cobb. The court doubtless intended such application should be made, as the officer is directed, in the event of a judgment deficit, to make the balance out of Cobb, and is not instructed specifically to make it out of the plaintiff in error in any event.

Such construction is not at variance with the general provision of the decree awarding judgment for costs against both defendants, "for which execution may issue," in that the plaintiff, under the terms of the decree as we interpret it, is entitled to her execution against plaintiff in error in the event the proceeds of the sale of the land are insufficient to satisfy the award for costs.

The proceeds of the sale, to wit, the sum of $3,953, applied first to the satisfaction of the judgment for costs, would have discharged such judgment, thereby leaving no basis for the issuance of execution against the plaintiff in error. The fact that the officer did not so apply the proceeds does not affect the right of the plaintiff in error to enjoin the sale of his land under the execution levied for costs. The issuance and levy of the execution were not warranted, and the judgment of the trial court, perpetuating its order restraining the sale thereunder, should be affirmed.

We have construed the decree as it was entered, and are not to be understood as holding that the costs could not have been apportioned with propriety under the facts, and plaintiff in error made liable primarily for that part thereof incurred in making him a party defendant.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the trial court be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.