**SCHUMANN v. BROWNWOOD MUT. LIFE INS. ASS'N. (Motion No. 7738.)**

Commission of Appeals of Texas, Section B. Oct. 19, 1927.

Costs ⬅⚫➡254(5)—Expense of stenographic report of evidence in district court, not shown by record as incurred, held not taxable as additional costs.

Expense of preparing stenographic report of evidence in district court in narrative form, not shown as item of costs in bills of costs certified by clerks of district court and of Court of Civil Appeals, *held* not taxable as additional costs on motion in Supreme Court.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Action by Mrs. Louise Schumann against the Brownwood Mutual Life Insurance Association. On motion by defendant in Supreme Court to retax costs, which motion was referred to Commission of Appeals. Motion overruled.

Jerome P. Kearby, of Comanche, for plaintiff in error.

Wilkinson & Wilkinson and R. L. McGaugh, all of Brownwood, for defendant in error.

POWELL, P. J. Mrs. Louise Schumann was the beneficiary in a certificate of life insurance issued by the Brownwood Mutual Life Insurance Association to her husband. Upon his death, the company denied liability, and she brought suit upon the certificate. In the district court of Comanche county, she recovered judgment against the company. Upon appeal to the Court of Civil Appeals (276 S. W. 956), that court reversed the judgment of the district court and rendered judgment for the insurance company. Mrs. Schumann then applied to the Supreme Court for writ of error, and her application was granted. The cause was referred to our court (286 S. W. 200), and we recommended that the judgments of the district court and Court of Civil Appeals be reversed and the cause remanded to the former for another trial. Both parties, in due course, filed a motion for rehearing in the Supreme Court. Both motions were overruled. They were overruled on October 27, 1926.

On September 23, 1927, the Brownwood Mutual Life Insurance Association filed a motion in the Supreme Court asking that court to tax as additional costs in the case an item of $70 which the company had found it necessary to pay to the official shorthand reporter of the district court in order to have him prepare a stenographic report in narrative form of the evidence adduced upon the trial of the case in the district court. That motion has been referred to our court for consideration.

We have carefully examined the record, and we find that the bill of costs prepared and certified by the district clerk showed no such item of cost. Neither does the bill of costs prepared and certified by the clerk of the Court of Civil Appeals at Eastland. In other words, so far as the record shows, no such item of costs was incurred. Furthermore, the record fails to disclose that the clerk of the Court of Civil Appeals was ever apprised of the fact that such an item of costs was taxable in this case. Under these undisputed facts, we think the motion herein must be overruled. See Irving v. Fort Worth State Bank (Tex. Com. App.) 276 S. W. 899. In that case, Judge Bishop used the following language:

"The clerk of the Court of Civil Appeals in this case did not tax the amount paid for the stenographic report. There was no item embraced in the transcript showing that any amount had been paid for such report, and there was nothing in the entire record to show that such report was ever prepared and filed by the court stenographer. The clerk of the Court of Civil Appeals, as far as is disclosed by this record, was never apprised of the fact that such an item was taxable in this case. It was the duty of the defendant in error, if it desired that the amount paid by it for the stenographic report be taxed by the clerk of the Court of Civil Appeals, to in some way call his attention to this item. No motion was filed in the Court of Civil Appeals seeking to have this item taxed as part of the costs in that court. The clerk of that court is not at fault in failing to tax this item. The item was not

⬅⚫➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

embraced in the bill of costs certified by the clerk of the Court of Civil Appeals to the Supreme Court, and the clerk of this court did not deliver the mandate without authority of law and in violation of article 1556 as is alleged by the plaintiff in error in its motion."

The Commission of Appeals recommended that the motion in the Irving Case be over-ruled, and the recommendation was adopted by the Supreme Court. In closing its recommendation, the Commission spoke as follows:

"The defendant in error, having neglected to have the clerk of the Court of Civil Appeals tax as costs of appeal in that court the amount paid by it for the stenographic report, is not entitled, on motion," to have the costs taxed.

For the reasons so well stated by the Commission in the Irving Case, and in view of the undisputed facts as disclosed by the record in this case, we recommend that the motion hereinabove described be, in all things, overruled.