**HARTZELL PROPELLER, INC.,
et al., Appellants,**

**v.**

**Barbara Nan Dick ALEXANDER et al.,
Appellees.**

**No. 8248.**

Court of Civil Appeals of Texas,
Texarkana.

May 17, 1974.

Rehearing Denied Dec. 31, 1974.

L. W. Anderson, Anderson, Henley, Shields, Bradford & Pritchard, Dallas, for appellants.

John H. McElhaney, Turner, Rodgers, Sailers, Jordan & Calloway, Dallas, for appellees.

CORNELIUS, Justice.

The sole question on this appeal is whether appellees were entitled to a retaxing of costs after final disposition of the case, in order to recover deposition costs they had previously incurred which were not brought to the attention of the clerk and were consequently omitted from the original certified cost bill. The trial court allowed the retaxing and the recovery of the additional costs. We have concluded that such action was error.

The suit was to recover damages for wrongful death. The trial began on November 8, 1971, and resulted in a jury verdict for the appellees. The judgment was signed on December 16, 1971, and provided that all costs were adjudged against the

appellant. An appeal was perfected by the appellant to the Court of Civil Appeals. A certified bill of costs was included in the transcript on appeal. The Court of Civil Appeals affirmed the judgment of the trial court on October 5, 1972, and subsequently application to the Supreme Court for writ of error was refused, no reversible error. The mandate was issued on April 16, 1973. On April 30, 1973, the cost bill was mailed to the appellant, and it was thereafter paid in full. On June 2, 1973, the clerk mailed appellees a refund check and a copy of the cost bill. About July 12, 1973, the appellees' attorney realized that the costs incurred by them in the taking of two depositions had not been included in the original cost bill. One of the depositions was taken in February of 1970, a year and nine months prior to the trial, and the other was taken in January of 1971, some ten months prior to the trial. When appellees' counsel noticed the omissions, negotiations were undertaken with counsel for the appellant in an attempt to secure payment of the costs, but the negotiations were fruitless. Appellees then secured a supplemental cost bill which reflected the additional costs. Upon appellant's refusal to pay the additional cost, appellees filed a motion to authorize the clerk to issue a writ of execution on the supplemental cost bill. The appellant answered the motion, requesting in effect that the additional costs be stricken and that the original bill of cost as paid be approved. The trial court held a hearing upon the motion and found that the appellees had exercised due diligence in seeking to recover said costs despite their failure to submit the costs to the clerk. The trial court entered an order authorizing execution for collection of the additional costs which amounted to the sum of five hundred ninety-six dollars and ninety cents ($596.90), and the appellant has appealed.

■ The taxing of costs, as distinguished from the adjudication of costs, is merely a ministerial duty of the clerk. Wood v. Wood, 159 Tex. 350, 320 S.W.2d 807 (1959). If an error has been made in the performance of that duty, it may be corrected by the court upon motion of the injured party even after the case has been finally disposed of on appeal, unless the right to retax the costs has been lost in some manner. Reaugh v. McCollum Exploration Company, 140 Tex. 322, 167 S. W.2d 727 (1943).

■ The evidence here, which is undisputed on the material issues, does not show any error of the clerk. Neither does it show that appellees were unaware of the cost items in question here, which *they* had incurred. On the contrary, the record reveals that when appellees submitted their numerous items of cost reimbursement to the clerk for inclusion in the certified cost bill, they simply failed to present these two items. Under these circumstances, their right to have the additional items taxed as costs has been lost, according to the rule announced by the Commission of Appeals in Irving v. Fort Worth State Bank, 276 S.W. 899 (Tax.Comm'n App.1925) and Schumann v. Brownwood Mut. Life Ins. Ass'n., 298 S.W. 548 (Tex.Comm'n App. 1927). Although those cases involved costs incurred on appeal, the fact situations are analogous and logically the rule should also apply here. If appellees desired to have the payments made by them taxed as costs, it was their duty to bring such items to the attention of the clerk so that they could be included in the certified bill of costs. Having neglected to do so when the bill was prepared, or throughout the appeal and final disposition of the case over a period of more than twenty-five months during which time a certified cost bill omitting such items was a part of the case record, their motion filed after issuance of the mandate and payment of the costs came too late.

The judgment of the trial court is reversed and judgment is here rendered striking the supplemental cost bill, and denying appellees' motion.