



# MEMORANDUM OPINION

No. 04-08-00454-CV

**IN RE AIG AVIATION (TEXAS), INC.,**
and National Union Fire Insurance Company of Pittsburgh, Pennsylvania

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Alma L. López, Chief Justice
             Phylis J. Speedlin, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  September 10, 2008

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original mandamus proceeding, relators AIG Aviation (Texas), Inc. and National Union Fire Insurance Company of Pittsburgh, Pennsylvania (collectively referred to as "AIG") challenge the portion of the trial court's May 8, 2008 order awarding $45,786.70 in "costs of court" to Holt Helicopters, Inc. Because we conclude that the trial court lacked plenary power to issue that part of the May 2008 order, and because we agree the relators have no adequate remedy by appeal, we conditionally grant the writ of mandamus.

---

[1] This original proceeding arises out of Cause No. 02-12-23,349-CV, styled *Holt Helicopters, Inc. v. AIG Aviation (Texas), Inc., et al.,* in the 38th Judicial District Court, Uvalde County, Texas, the Honorable Mickey R. Pennington presiding.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a crash of one of its helicopters, Holt Helicopters, Inc. ("Holt"), the real party in interest in this mandamus proceeding, filed a property insurance claim. Following an investigation of the crash, AIG denied the claim due to the pilot's lack of experience. Holt sued AIG for breach of contract, wrongful denial of its insurance claim, and violation of the Insurance Code. The trial court granted partial summary judgment in favor of Holt, finding that there was coverage under the policy unless AIG proved a causal connection between the pilot's lack of required flight time and the crash. The remaining issues were submitted to a jury which ultimately found in favor of Holt. Pursuant to the parties' agreement, the determination of attorney's fees and expenses was submitted to the trial court after the jury's verdict. The trial judge entered a final judgment for Holt on February 10, 2005, awarding Holt damages, attorney's fees, interest and costs of court.[2] The judgment specifically awarded Holt "$0" for "Reasonable and Necessary Expenses" for attorneys Jon Kettles and Michael Boyle.[3]

AIG appealed the trial court's final judgment to this Court on issues of causation, statutory damages, and the award of attorney fees. Holt filed a notice of cross-appeal, but did not pursue any challenge to the trial court's judgment in its briefing. On April 26, 2006, we issued an opinion affirming the trial court's judgment. The Texas Supreme Court subsequently denied AIG's petition for review on August 24, 2007. *See AIG Aviation, Inc. v. Holt Helicopters, Inc.,* 198 S.W.3d 276 (Tex. App.—San Antonio 2006, pet denied). This Court's mandate issued on January 28, 2008.

---

[2] A visiting judge, the Honorable Antonio B. Cantu, signed the February 10, 2005 final judgment.

[3] Holt filed two affidavits in support of its motion for attorney's fees and expenses. The affidavit of attorney Jon Kettles sought $42,811.28 for "listed expenses" categorized as copies, deposition, equipment, expert, filing fee, phone, postage, profession, research, supplies, and travel. The affidavit of attorney Michael Boyle sought "expenses" totaling $344.39 for telecopier expenses, photocopies, postage, mileage reimbursement, meal reimbursement, and travel.

On April 2, 2008, Holt filed a "Motion for Determination of Costs" seeking "reasonably necessary expenses to prosecute this case, to make Holt 'whole,' as provided for by the Texas Insurance Code and the Deceptive Trade Practices Act."[4] On May 8, 2008, the trial court entered an order which, in part, awarded Holt $45,786.70 "as costs of court."[5] AIG seeks mandamus relief from this part of the May 8, 2008 order, contending it is void because the trial court lacked plenary power. We agree.

## DISCUSSION

Generally, a trial court has plenary power to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed or after all timely filed motions for new trial are overruled by signed order or by operation of law. TEX. R. CIV. P. 329b(d), (e). Once a trial court's plenary power to correct a judgment has expired, however, a trial court cannot alter the written judgment except to correct a clerical error. TEX. R. CIV. P. 329b(f) (court may at any time correct a clerical error in the record and render judgment nunc pro tunc). "A clerical error is one which does not result from judicial reasoning or determination." *Andrews v. Koch,* 702 S.W.2d 584, 585-86 (Tex. 1986); *Roman Catholic Diocese of Dallas v. County of Dallas Tax Collector,* 228 S.W.3d 475, 479 (Tex. App.—Dallas 2007, no pet.) ("clerical error is a discrepancy between the judgment entered in the record and the judgment that was actually rendered"). Whether an error in the judgment is

---

[4] In support of its Motion for Determination of Costs, Holt again filed an affidavit of attorney Jon Kettles accompanied by the identical itemized listing of expenses totaling $42,811.28 as was presented to the trial court prior to its February 2005 final judgment.

[5] The challenged May 8, 2008 order further awards Holt $708,282.80 which AIG claims accurately represents the amounts awarded in the final judgment and owed to Holt for damages, trial and appellate attorney's fees, and pre-and post-judgment interest (included within this total is $4,366 plus interest for taxable court costs). Prior to the May 8, 2008 order, AIG deposited this amount into the registry of the trial court for Holt's benefit when Holt declined to accept AIG's tender of payment. Finally, the challenged order also awards Holt the amount of $1,261.32 for additional interest on the funds that had been deposited into the registry of the court.

clerical for purposes of determining whether a judgment can be corrected outside of the court's period of plenary power, is a question of law. *Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986). With the exception of clerical errors, after the court's plenary power has expired, an order attempting to modify a judgment is void. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 826 (1961). Mandamus is an appropriate remedy to order the trial court to set aside a void order. *Porter v. Vick,* 888 S.W.2d 789, 790 (Tex. 1994) (orig. proceeding); *Buttery v. Betts,* 422 S.W.2d 149, 151 (Tex. 1967) (orig. proceeding); *In re Dilley Indep. Sch. Dist.*, 23 S.W.3d 189, 191 (Tex. App.—San Antonio 2000, orig. proceeding).

Here, Holt clearly sought and obtained $45,786.70 in "costs of court" outside of the trial court's plenary power—over three years after the trial court signed its final judgment in February 2005, and over two months after this Court's mandate issued affirming the trial court's judgment. Tex. R. Civ. P. 329b(d), (e); Tex. R. App. P. 18.1. Holt argues that the trial court correctly assessed costs because the Uvalde County District Clerk failed to perform its ministerial duty. Relying on *Manzer v. Barnes,* Holt contends it is well settled that "where the costs have been improperly assessed by the clerk . . . a motion to have the costs retaxed after adjournment . . . may properly be considered and adjudicated by the court . . . ." *Manzer v. Barnes,* 216 S.W.2d 1015, 1016 (Tex. Civ. App.—Amarillo 1948, no writ). We disagree that the law or the facts in this case support Holt's argument.

"A motion to retax the costs is distinguishable from a motion to have the costs readjudged." *Reaugh v. McCollum Exploration Co.*, 140 Tex. 322, 167 S.W.2d 727, 728 (1943). A motion to retax costs is a motion to correct the *ministerial act* of the clerk in calculating costs. *See Wood v. Wood,* 159 Tex. 350, 320 S.W.2d 807, 813 (1959) (taxing of costs is not an adjudication by the court

-4-

of the correctness of the items taxed by the clerk, but merely the ministerial act of the clerk). The purpose of a motion to retax costs is to provide a remedy for the clerk's failure through mistake, negligence, or omission to properly tax the costs. *Smith v. Smith,* 500 S.W.2d 682, 684 (Tex. Civ. App.—Corpus Christi 1973, no writ). "Because taxing of costs, as distinguished from the adjudication of costs, is merely a ministerial duty of the clerk, an error may be corrected upon the injured party's motion, even after the case has been disposed of on appeal, as long as the request is made **before the mandate** issues . . . ." *Operation Rescue-Nat'l v. Planned Parenthood of Houston & Southeast Tex., Inc.*, 937 S.W.2d 60, 87 (Tex. App.—Houston [14th Dist.] 1996), *aff'd as modified,* 975 S.W.2d 546 (Tex. 1998) (emphasis added); *Hartzell Propeller, Inc. v. Alexander*, 517 S.W.2d 455, 456 (Tex. Civ. App.—Texarkana 1974, no writ) (motion to retax costs filed after issuance of mandate was too late).

Here, Holt's "Motion for Determination of Costs" affirmatively asks the trial court to find that its litigation expenses are properly recoverable against AIG as "costs of court" in order to make Holt "whole," as allowed under the Texas Insurance Code and the Deceptive Trade Practices Act. Awarding litigation expenses as court costs is not a ministerial act of re-taxing costs. *See Shaikh v. Aerovias De Mexico*, 127 S.W.3d 76, 82 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (trial court's authority to assess costs does not include power to tax items not normally allowed). Holt's motion does not reference a clerical error in calculation, but instead seeks for the second time to recover litigation expenses it was previously denied. In fact, in support of its motion, Holt re-urges the exact litigation expenses specifically rejected by the trial court in its final judgment—a final judgment not appealed by Holt. *Reaugh*, 167 S.W.2d at 728 (where complaint is made of court's ruling in adjudging costs, the error is inherent in the judgment and must be assigned and properly appealed

as any other error); *Nacogdoches Indep. Sch. Dist. v. McKinney*, 513 S.W.2d 5, 6 (Tex. 1974) (court costs remained adjudged against winning taxpayer where taxpayer did not appeal that portion of the judgment). Accordingly, we conclude the trial court's May 8, 2008 order does not simply "re-tax" costs as Holt suggests, but makes a post-appeal adjudication of expenses against AIG, effectively amending the judgment which expressly awards Holt none of these same expenses. *See Shaikh*, 127 S.W.3d at 82. Furthermore, Holt's motion was filed over two months after our mandate issued, and, therefore, would be untimely even if we could construe it as a motion to re-tax costs. *Operation Rescue-Nat'l*, 937 S.W.2d at 87.

## CONCLUSION

Because the trial court lacked plenary power to modify the final judgment by adjudicating expenses as court costs, and also lacked authority to "re-tax" court costs after the judgment had been affirmed on appeal and the mandate had issued, we hold that the portion of the trial court's May 8, 2008 order awarding $45,786.70 as "costs of court" is void. Accordingly, we conditionally grant the writ of mandamus, and direct the trial court to vacate its order within ten days from the date of this opinion. We are confident that the trial court will promptly comply, and the writ will issue only if the court fails to comply.

PER CURIAM