## CASTRO v. ILLIES.

The law which regulates appeals and writs of error to the Supreme Court, requires the Clerk "to make up a full and perfect record of all proceedings in such case." The question, then, is, What is a part of the proceedings in a case? No paper, found in the files, should be inserted, unless it had been used in the case, or the Court had ordered it to be made a part of the record; and one insertion is all that will be allowed.

The Supreme Court will, on motion, strike from the transcript, duplicates of the same matter, and any matter which does not belong properly to the transcript.

The taxation of the costs of the District Court cannot be objected to in this Court, except by way of appeal, or writ of error, after judgment upon a motion to retax.

Errror from Bexar.

*J. W. Harris* and *Oldham, Marshall & Terrell,* for plaintiff in error.

*I. A. & G. W. Paschal,* for appellee.

LIPSCOMB, J. A motion has been submitted, to strike out certain parts of the transcript of the record sent to this Court, as irrelevant and as being no part of the record in this case. The Act of the Legislature prescribing the duties of Clerks, in cases of appeals and writs of error, requires him to " to make up a full and perfect record of all proceedings in such case." (Hart. Dig. Art 792, 793.) The same law prescribes a penalty for a failure, on the part of the Clerk, to conform to its provisions. The question is, then, always, What is a part of the proceedings in the case? All the proceedings must be spread upon the record in the consecutive order in which they were presented—the petition, the citation and returns. No paper found in the files should be inserted, unless it had been used in the case, or the Court had ordered it to be made a part of

the record ; and one insertion is all that will be allowed. If the same paper, order or decree, is twice inserted in the transcript, the last insertion will be striken out on motion ; and if taxed in the costs, (the matter so unnecessarily copied a second time,) the costs for such improper insertion will be striken out on a retaxation of costs. And in like manner, any thing copied in the record, that does not properly belong to it, will be striken from the costs, on a retaxation thereof.

The motion is to strike out of the transcript of the record, all from page 86 to page 98, both inclusive, because the same had been previously copied in the record ; also from 103 letter A to John H. Illies on page 105, because the same had been twice copied. The motion, so far, is sustained by the Court, on the grounds taken in the motion, in accordance with what we have before said.

It is further moved to strike out the showing for a continuance. We do not sustain the motion, as to this matter, as it may or may not have been relevant. Although the question of continuance may not have been contested, it would in some contingencies, be important to know upon what grounds the application had been rested, in the event of an application for another continuance.

We decline striking out the Judge's charge, because it is not clear but that it properly belongs to the record. True it is, if no effect is claimed from it by either party, it does not strictly belong to the record.

The motion also asks to strike from the record, all from page 143 to page 904 inclusive. By reference to the transcript, it is seen that all of the matter, here copied, is of papers ordered to be filed, but were not read in the case, nor were ordered to be recorded, and therefore should not have been copied, and are therefore to be considered as stricken from the record. We have nothing to do with the retaxation of costs, until action has been taken and a decision on the proceeding to retax costs in the Court below. Our opinion will only serve for a guide to the Court below, on proceedings in that Court, as to

what matter should be put into the record, and for which costs could be legally taxed.

Ordered accordingly.