BOERNER et ux. v. CICERO SMITH LUMBER CO. (No. 821—4865.)

Commission of Appeals of Texas, Section B. Nov. 1, 1928.

For former opinion, see 298 S. W. 545.

Vickers, Campbell & Schenck, of Lubbock, for plaintiffs in error.

Bean & Klett and Robt. H. Bean, all of Lubbock, for defendant in error.

SHORT, P. J. Plaintiffs in error have filed a motion to recall the mandate issued in the case and to retax the cost so as to tax the item of $41.40 for the statement of facts on file, in which it is stated that the mandate had been returned to the district court of Lubbock county, but that the item above mentioned was not taxed as cost against the defendants in error, evidently having been omitted by the clerk of the Supreme Court in making up the cost bill.

An examination of the record shows that the statement of facts was in narrative form, prepared by the court stenographer, and duly certified by him, to which certificate is appended the approval of the counsel representing the parties, and an order to file the same as a part of the record, by the presiding judge.

On August 23, 1926, judgment was rendered in the district court of Lubbock county in favor of the defendant in error for the sum of $1,876, with legal interest from August 30, 1926. Upon appeal to the Court of Civil Appeals by the plaintiffs in error, this judgment was reformed so as to allow recovery only of $1,711, with legal interest from the date of the judgment and, as reformed, was affirmed. 293 S. W. 632. Upon writ of error being allowed, the judgments of both courts were reversed and judgment rendered in favor of the plaintiffs in error, which, under the law, entitled them to recover all costs legitimately incurred. This judgment became final when the motion for rehearing, filed by defendants in error, was overruled.

In the bill of cost, certified by the district clerk and included in the transcript, appears an item: "Statement of facts, $41.40." No objection to this item was made by any one either in the trial court or the Court of Civil Appeals, nor has there been any objections to it filed in the Supreme Court, based on anything contravening the record. As was said in Hanson v. Ponder (Tex. Com. App.) 5 S.W.(2d) 767:

"Prima facie at least the item was properly taxable * * * and included within the adjudication made by the Court of Civil Appeals. * * * Hanson was the moving party on appeal, and it became his duty to procure the statement of facts and to pay or become liable therefor in the first instance. In our opinion the item should be taxed against the defendants in error."

The Supreme Court, in approving the judgment of the Commission of Appeals, Section A, says:

"Since an examination of the record discloses that the parties agreed to a stenographic report of the evidence in narrative form, and that the amount paid therefor is what has been taxed as cost, the motion to retax is granted."

We think the opinion in Hanson v. Ponder is decisive of the question presented by the motion, since the facts are substantially the same. The parties having agreed to the stenographic report of the evidence in narrative form, and the amount paid therefor is what had been taxed as cost, we recommend that the motion be granted.