G. O. REAUGH ET AL V. McCOLLUM EXPLORATION
COMPANY ET AL.

Motion No. 15799. Cause No. 7857.
Decided January 27, 1943.
(167 S. W., 2d Series, 727.)

For a report of this case on its merits, see 139 Texas 485, 162 S. W. (2d) 620.

*B. D. Kimbrough,* of McAllen, and *Edward B. Ward,* of Corpus Christi, for plaintiffs in error.

*Strickland, Ewers & Wilkins* and *R. D. Cox,* of Mission, *Baker, Botts, Andrews & Wharton* and *Gaius G. Gannon,* all of Houston, for defendant in error.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

In the above cause G. O. Reaugh et al, petitioners, have filed in this Court a motion to retax the costs. The facts are these: The petitioners, G. O. Reaugh et al, recovered a judgment, including the costs in the trial court, against the respondents, McCollum Exploration Company et al. McCollum Exploration Company et al, appealed to the Court of Civil Appeals. The bill of costs originally filed with the transcript in the Court of Civil Appeals did not include any item for the cost of the statement of facts. Thereafter the appellants therein caused the clerk of the trial court to make up a supplemental transcript including a new bill of costs, in which an item of $400.00 was charged for the statement of facts. The supplemental transcript was filed in the Court of Civil Appeals. McCollum Exploration Company et al in the Court of Civil Appeals succeeded in reversing the judgment of the trial court and having all costs adjudged against petitioners, G. O. Reaugh et al. The same item was taxed as a part of the costs in the Court of Civil Appeals. No effort was made to have the costs retaxed in that court. G. O. Reaugh et al then sued out a writ of error to this Court, but made no complaint of any refusal on the part of the Court of Civil Appeals to retax the costs. The judgment of the Court of Civil Appeals was affirmed by this Court. G. O. Reaugh et al

have now filed a motion in this Court requesting that the costs be retaxed, and in this connection they allege that the item of $400.00 for the statement of facts is excessive; and that if a charge of 15c per hundred words is made for the statement of facts, as is authorized by the statute, the costs for the statement of facts would amount to only the sum of $254.91.

■ We hold that the motion to retax the costs should have been filed in the Court of Civil Appeals.

The amount chargeable for stenographer's report of the testimony for use in perfecting an appeal is a part of the costs accruing in the case in the Court of Civil Appeals. Pullman Co. v. Hays, 114 Texas 490, 271 S. W. 1108; Irving v. Fort Worth State Bank (Com. App.), 276 S. W. 899; Janes v. O'Fiel (Com. App.), 299 S. W. 640.

Motion to retax costs should be filed in the court where the item of costs accrued. Castro v. Illies, 11 Texas 39; Janes v. O'Fiel, supra; Allen v. Woodson, 60 Texas 651; Irving v. Fort Worth State Bank, supra.

We recognize that there are cases in which this Court has granted original motion filed in this Court to retax costs that had accrued in a lower court. See in this connection Hanson v. Ponder (Com. App.), 5 S. W. (2d) 767; Burks v. Neutzler (Com. App.), 7 S. W. (2d) 65; Boerner v. Cicero Smith Lbr. Co. (Com. App.), 9 S. W. (2d) 1105; McGuire v. Osage Oil Corp. (Com. App.), 66 S. W. (2d) 664. It will be noted, however, that in none of the above cases did the court discuss the jurisdiction of this Court to entertain such a motion. Apparently the matter of jurisdiction was not called to the attention of the court. On the other hand, in each of the cases of Castro v. Illies, supra, Janes v. O'Fiel, supra, Allen v. Woodson, supra, and Iriving v. Fort Worth State Bank, supra, this Court held that it was without jurisdiction to entertain a motion to retax costs where the items complained of were taxed, or should have been taxed, by a lower court as a part of the costs, and the matter had not been first called to the attention of such lower court by a proper motion to retax the costs.

However, the fact that petitioners herein did not call the matter to the attention of the Court of Civil Appeals before the disposition of the main case in this Court will not alone

defeat their right to yet apply to the Court of Civil Appeals to have the costs retaxed.

██ A motion to retax the costs is distinguishable from a motion to have the costs readjudged. 11 Tex. Jur. 308. Where complaint is made of the ruling of the court in adjudging the costs against the wrong party, the error is inherent in the judgment and must be assigned and properly brought up on appeal as any other alleged error in the case. 11 Tex. Jur. 326; Harris v. Monroe Cattle Co., 84 Texas 674, 19 S. W. 869. But the taxing of costs is not an adjudication by the court as to the correctness of the items taxed as such by the clerk. It is but the ministerial act of the clerk, and, if erroneous, may be corrected by the court upon motion filed for that purpose. 11 Tex. Jur. 311. Unless the right has been lost in some other manner, the injured party may file a motion in a lower court to have the costs retaxed, even though the main case has already been disposed of on appeal by a higher court. Patton v. Cox, 97 Texas 253, 77 S. W. 1025; King v. Guerra, 13 S. W. (2d) 908; Pittman v. Fort Worth Warehouse & Storage Co., 263 S. W. 636; Watkins v. Atwell, 50 S. W. 1047; Clark v. Adams, 80 Texas 674, 16 S. W. 552; 11 Tex. Jur. 321.

The motion to have the costs retaxed is dismissed for want of jurisdiction.

Opinion delivered January 27, 1943.