## MANZER v: BARNES.

No. 5882.

Court of Civil Appeals of Texas. Amarillo.
Dec. 12, 1948.

Rehearing Denied Jan. 14, 1949.

For original opinion, see 213 S.W.2d 464.

W. F. Nix, of Amarillo, for appellant.

H. H. Cooper, of Amarillo, for appellee.

PER CURIAM.

Appellant, Martin R. Manzer, presents a motion to retax the costs in this case, alleging that the court reporter did not report to the clerk of the trial court the item of $120 paid to him by appellant for preparing the statement of facts until. after the transcript, including the bill of costs, had been prepared in the clerk's office and transmitted to this court and, therefore, the amount paid by the appellant for the statement of facts was not included in the bill of costs. He attaches to the motion a corrected bill of costs which includes the amount paid by him to the court reporter and attached thereto is the certificate of the clerk of the trial court verifying the allegation. The certificate states that, at the time the bill of costs was prepared and placed in the transcript, the bill for the statement of facts had not been returned to his office. It further states that this item was placed in the fee book after March 16, 1948, the date the transcript was filed in this court. Appellant prays that the costs be retaxed and that the amount paid by him to the court reporter for preparing the statement of facts be included therein.

Appellee contests the motion upon the ground that, the appeal having been perfected, and final judgment reversing and remanding the cause to the trial court having been entered by this court on July 12, 1948, the motion for rehearing having been overruled and the case finally disposed of in this court at the former term, this court does not have jurisdiction to entertain the motion to retax the costs.

The appeal was passed upon by this court July 12, 1948, and the judgment was reversed and the, cause remanded. Manzer v. Barnes, 213 S.W.2d 464. Appellee filed a motion for rehearing and it was overruled September 7, 1948. The term of this court expired September 30, 1948, and the present term immediately convened. The mandate was issued October 30, 1948. Thus it will be seen that the case did not pass out of this court until after the present term convened. However that may be, the motion to retax the costs does not seek to affect the judgment entered by this court but seeks to correct the error of the officers of the court below in entering the proper items in the bill of costs. The judgment did not specify the amount of the costs, but adjudged all of the costs against appellee. The motion to retax is not an application for certiorari and does not involve the disturbance or changing in any manner of the judgment rendered by this court and, in

our opinion, the contention of appellee that this court does not now have jurisdiction to pass upon it is not well taken. The judgment should be construed to mean that the costs which were properly and legitimately incurred in the prosecution and defense of the case, whatever the items and the total amount thereof might be, were adjudged against the appellee. If the court reporter had reported his charges for the statement of facts before the transcript was completed, his fee would have been entered in the fee book by the clerk of the trial court and properly included in the bill of costs attached to the transcript. It is well settled that a court does not have jurisdiction over its judgment after expiration of the term at which the judgment was rendered, but it is equally as well settled that where the costs have been improperly assessed by the clerk against a party or any other material error has been made by the clerk in entering them, a motion to have the costs retaxed after adjournment of the term may properly be considered and adjudicated by the court and this may be done even after the costs as shown by the erroneous bill of costs have been paid. Houston & G. N. R. R. Co. v. Jones, 46 Tex. 133; McLennan County v. Graves, 94 Tex. 635, 64 S.W. 861; Ross v. Anderson, Tex.Civ.App., 85 S.W. 498; Archer v. Cole, Tex.Civ.App., 157 S.W. 1183; Reaugh v. McCollum Exploration Co., 140 Tex. 322, 167 S.W.2d 727.

 In the case last cited, the Supreme Court held that the amount chargeable for the stenographer's report of the testimony for use in perfecting an appeal is a part of the costs incurred in the court of civil appeals and that a motion to retax such costs is a proper matter for adjudication in the latter court. In our opinion, this court not only has jurisdiction to adjudicate the motion filed by appellant but it is our duty to do so.

Appellant attaches to the motion his cheque, payable to the court reporter, which shows it was paid by the bank upon which it was drawn. Appellee does not controvert the allegation that the charge accrued and was paid by appellant and the bill of costs attached, together with the certificate of the clerk, establishes conclusively the fact that the item of $120 paid to the court reporter by appellant was properly chargeable as costs in the case. The motion to retax the costs will therefore be granted and it will be ordered that the clerk of this court enter the cost of the statement of facts upon his fee book and that execution may issue therefor.