NO. 07-08-0065-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 24, 2009 
______________________________

ELIZABETH C. BRENT, APPELLANT

v.

MARTHA C. FIELD, J & J CATTLE FAMILY
LIMITED PARTNERSHIP, AMERICAN EXPRESS
TRAVEL RELATED SERVICES COMPANY, AND
THOMAS & WATSON TRUCKING, INC., APPELLEES
_________________________________

FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;

NO. 4300 H; HON. RONALD E. ENNS, PRESIDING
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ORDER
Â Â Â Â Â Â Â Â Â Â By motion before us appellant Lisa C. Brent seeks to amend the bill of costs
prepared by the clerk of this court. We will grant the motion.
Â Â Â Â Â Â Â Â Â Â On December 30, 2008, we issued our opinion and judgment in this case. The
mandate issued March 18, 2009. See Tex. R. App. P. 18.1(a)(1)(A),(B). With the mandate
the clerk of this court forwarded to the clerk of the trial court a statement of costs. See
Tex. R. App. P. 51.1(a). The judgment and mandate taxed appellate costs in equal fifty
percent shares against Brent and appellee Martha C. Field. See Tex. R. App. P. 43.4. On
May 28, 2009, Brent filed a motion seeking amendment of the clerkâs bill of costs. 
According to the motion supported by affidavit, evidence of taxable appellate costs totaling
$3,895 was not filed and was therefore not included in the statement of costs prepared by
the courtâs clerk. This total consisted of $3,500 for preparation of the reporterâs record of
trial; $195 for preparation of the reporterâs record of a hearing conducted under Rule of
Appellate Procedure 24; and the $200 nonappearance fee of a reporter for two depositions
in support of a motion for injunction Brent filed in this court. 
Â Â Â Â Â Â Â Â Â Â In a certificate of conference included in Brentâs motion, her counsel indicated he
was unable to confer with counsel for Field. By letter, we directed Field to file a response
to the motion by June 11. Field has made no response. 
Â Â Â Â Â Â Â Â Â Â Brent does not supply case authority supporting her request and we find limited
guidance. With its mandate, the clerk of an appellate court must prepare and send to the
clerk of the trial court a statement of costs showing preparation costs for the appellate
record as well as filing fees in the court of appeals. Tex. R. App. P. 51.1(a). Here, the
statement of costs did not contain the costs presented by Brentâs motion because the
amounts of such costs were not reported by the reporter or otherwise documented. Our
plenary power to affect our judgment has lapsed. Tex. R. App. P. 19.1 & 19.3. However,
Brent asks not that we readjudge costs but merely that the clerkâs statement of costs
include the omitted cost items. We therefore treat the motion as one to retax costs; that
is, not a request for our judgment but solely for a ministerial act by the clerk to correct an
omission. 
A motion to retax the costs is distinguishable from a motion to have the costs
readjudged. Where complaint is made of the ruling of the court in adjudging
the costs against the wrong party, the error is inherent in the judgment and
must be assigned and properly brought up on appeal as any other alleged
error in the case. But the taxing of costs is not an adjudication by the court
as to the correctness of the items taxed as such by the clerk. 
Â 
Reaugh v. McCollum Exploration Co., 140 Tex. 322, 325, 167 S.W.2d 727, 728 (1943)
(citations omitted). See Manzer v. Barnes, 216 S.W.2d 1015, 1016 (Tex.Civ.App.âAmarillo
1948, no writ) (per curiam) (granting motion to retax omitted cost of reporterâs record after
mandate issued). 
Â Â Â Â Â Â Â Â Â Â Brentâs motion is granted. Our clerk is directed to prepare an amended statement
of costs containing the costs itemized in Brentâs motion and forward it to the clerk of the
trial court. See H. & I. Imp. Co. v. Three B Co., 235 S.W.2d 461, 462 (Tex.Civ.AppâAustin
1950, writ refâd n.r.e.).
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Â 



false"
 UnhideWhenUsed="false" Name="Medium List 1 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00505-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



DECEMBER
29, 2010

Â 



Â 

IN RE TOMMY DOMINGUEZ, RELATOR



Â 



Â 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Relator,
Tommy Dominguez, has filed a Motion to File Extraordinary MandamusÂ requesting
this Court Âconduct a (sic) evidentiary hearing, make findings of fact and
conclusions of law, . . . and reverse and remand for a new trial . . . .ÂÂ  We deny the petition.

Texas
Rule of Appellate Procedure 52.3[1]
identifies the requirements for a petition for writ of mandamus[2]
filed in this court.Â  Dominguez has
failed to comply with these requirements.Â 
Rule 52.3(a) requires that a petition must include a complete list of
all parties and the names and addresses of all counsel.Â  Dominguez does not list the names of the
parties against whom he seeks mandamus relief apart from the identification of
Judge William D. Smith of the 84th Judicial District Court of
Hutchinson County in the ÂHistory of the CaseÂ portion of his petition.Â  Rule 52.3(b) requires that the petition
include a table of contents with references to the pages of the petition and an
indication of the subject matter of each issue or point raised in the
petition.Â  DominguezÂs petition includes
no table of contents.Â  Rule 52.3(c)
requires that a petition include an index of authorities in which all
authorities cited in the petition are arranged alphabetically and the page(s)
upon which the authorities are cited is indicated.Â  Dominguez=s petition includes no index of authorities.Â  Rule 52.3(d) requires a statement of the case
that includes a concise description of the nature of the underlying
proceeding.Â  Dominguez=s petition does not contain a
statement of the case, and does not contain a concise description of the nature
of the underlying proceeding.[3]Â  Rule 52.3(f) requires the petition include a
concise statement of all issues or points presented for relief.Â  DominguezÂs petition includes no such
statement.Â  Rule 52.3(g) requires the
petition include a statement of facts supported by citation to competent
evidence included in the appendix or record.Â 
DominguezÂs petition does not include a statement of facts.Â  Rule 52.3(h) requires a clear and concise
argument for the contentions made, with appropriate citations to
authorities.Â  DominguezÂs argument is
reasonably clear and concise.Â  However,
the citations to legal authority included in the argument relate only to the
general requirements for mandamus relief rather than supporting the relief that
he seeks by his petition.Â  Rule 52.3(i)
requires the petition include a short conclusion that Âclearly states the
nature of the relief sought.ÂÂ 
DominguezÂs conclusion requests this Court to Âconduct a (sic)
evidentiary hearing, make findings of fact and conclusions of law, . . . and
reverse and remand for a new trial . . . .ÂÂ 
Clearly, as a reviewing court, we will not conduct an evidentiary
hearing nor make findings of fact and conclusions of law.Â  Further, we are aware of no authority that
would allow this Court to utilize its mandamus authority to reverse a judgment
and remand the case for a new trial and Dominguez fails to identify any
authority for such action.Â  Rule 52.3(j)
requires the person filing the petition to certify that he has reviewed the
petition and concluded that every factual statement in the petition is
supported by competent evidence included in the appendix or record.Â  Dominguez did not certify his petition.Â  Finally, Rule 52.3(k)(1)(A) requires that the
appendix to the petition include a certified or sworn copy of any order
complained of, or other document showing the matter complained of.Â  Dominguez has not included an appendix to his
petition.Â  As each of these items are
required in a petition for writ of mandamus and Dominguez has failed to comply
with these requirements, we may not grant the relief that he requests.

As
Dominguez=s petition for writ of mandamus does
not comply with the requirements of Rule 52.3, we deny the petition.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Mackey
K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â Â Â Â Â Â Â Â Â Â Â  








Â 











[1]Further citation of Texas Rules of
Appellate Procedure will be by reference to ARule __.@





[2] While DominguezÂs filing is denominated a motion to
file a mandamus, the body of the document presents a petition for writ of
mandamus, and we will construe it as such.





[3] DominguezÂs petition appears to be a
collateral attack on the trial courtÂs alleged failure to appoint two attorneys
to represent Dominguez in a capital murder case in which the State sought the
death penalty.Â  Dominguez also references
at least one post-conviction petition for writ of habeas corpus that he filed
that appears to have raised this issue.Â 
It is unclear, however, which of these proceedings underlie the present
petition.