# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-10-00826-CV

**Appellant, Waste Management of Texas, Inc.// Cross-Appellant,
Texas Disposal Systems Landfill, Inc.**

**v.**

**Appellee, Texas Disposal Systems Landfill, Inc.// Cross-Appellee,
Waste Management of Texas, Inc.**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. D-1-GN-97-012163, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This case comes before this Court on remand from the supreme court for reconsideration of the amount of exemplary damages, including allowable pre- and post-judgment interest, to which appellee Texas Disposal Systems Landfill, Inc. is entitled in connection with its successful defamation claim against appellant Waste Management of Texas, Inc. We have so considered and render decision on the amounts as set forth below.

### Background

The underlying facts and procedural history of this case are detailed in the supreme court's opinion remanding this matter, *see Waste Mgmt. of Tex., Inc. v. Texas Disposal Sys.*

*Landfill, Inc.*, 434 S.W.3d 142 (Tex. 2014) ("*Waste Mgmt. III*"), and in two prior opinions issued by this Court, *see Waste Mgmt. of Tex., Inc. v. Texas Disposal Sys. Landfill, Inc.*, No. 03-10-00826-CV, 2012 WL 1810215 (Tex. App.—Austin May 18, 2012, *aff'd in part, rev'd in part*, 434 S.W.3d 142) (mem. op.) ("*Waste Mgmt. II*"); *Texas Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563 (Tex. App.—Austin 2007, pet. denied) ("*Waste Mgmt. I*"). Briefly, however, this case arose in 1995 when Waste Management distributed a memorandum questioning the environmental integrity of Texas Disposal's landfill during a competitive bidding process for waste-disposal and landfill-services contracts with the cities of Austin and San Antonio. Texas Disposal sued for defamation and, after the second jury verdict in Texas Disposal's favor,[1] the district court issued judgment dated December 9, 2010, awarding Texas Disposal $450,592.03 for its reasonable and necessary expenses, $0 for lost profits, $5 million for reputation damages, and $1,651,184.06 as exemplary damages based on the jury's finding that Waste Management published the defamatory statements with malice. *See Waste Mgmt. II*, 2012 WL 1810215, at *2.[2]

Waste Management appealed that judgment to this Court, challenging, among other things, the jury submission, the propriety of reputation damages for a corporation, the award of exemplary damages, and the sufficiency of the evidence as to the findings of falsity, malice,

---

[1] We reversed the first jury verdict and remanded the case for a retrial. *See Texas Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563 (Tex. App.—Austin 2007, pet. denied) ("*Waste Mgmt. I*")

[2] The second jury awarded Texas Disposal $20 million in exemplary damages, but that amount was reduced to $1,651,184.06 under the statutory cap on exemplary damages. *See Waste Mgmt. of Tex., Inc. v. Texas Disposal Sys. Landfill, Inc.*, No. 03-10-00826-CV, 2012 WL 1810215 (Tex. App.—Austin May 18, 2012, *aff'd in part, rev'd in part*, 434 S.W.3d 142) (mem. op.) ("*Waste Mgmt. II*"); *see also* Tex. Civ. Prac. & Rem. Code § 41.008 (statutory cap).

2

causation, and reputation damages. *See id.* at \*3. In that same appeal, Texas Disposal challenged the district court's application of the statutory cap to reduce the exemplary-damages award. *See id.* at \*26. We affirmed the district court's judgment. *See id.* at \*31. Waste Management appealed to the Texas Supreme Court.

On appeal, the supreme court affirmed our holdings that a corporation may suffer reputation damages, that such reputation damages are non-economic in nature, and that the evidence was sufficient to support the award of remediation costs and exemplary damages. *See Waste Mgmt. III*, 434 S.W.3d at 151–53, 156–60. However, the supreme court held that the evidence was legally insufficient to support the jury's award of reputation damages to Texas Disposal. *See id.* at 147, 162. Further determining that its holding regarding reputation damages necessitated a review and recalculation of the allowable exemplary damages and pre- and post-judgment interest amounts, the supreme court reversed the exemplary-damage award and remanded the case to this Court to recalculate the exemplary damages and interest amounts or, if necessary, remand to the trial court for further proceedings. *See id.* at 161–62.

**Analysis**

In their briefs to this Court on remand, the parties agree on the following elements of Texas Disposal's judgment award:

      Remediation damages:               $450,592.03[3]

---

[3] *See Waste Mgmt. of Tex., Inc. v. Texas Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 161 (Tex. 2014) ("*Waste Mgmt. III*")(affirming remediation damages).

3

Reputation damages:                                   $1.00[4]

Exemplary damages:                          $901,184.06[5]

Pre-judgment interest:                       $295,663.08[6]

The parties join issue, however, on the amount of post-judgment interest, specifically disagreeing about (1) the effect of Texas Disposal's requests for extensions of time on the accrual period for post-judgment interest; and (2) the correct amount of costs to be included in the calculation. We will provide general background on post-judgment interest before addressing the parties' contentions.

**Post-judgment interest**

Under the Finance Code, post-judgment interest is mandatory for every money judgment awarded by a court. *See* Tex. Fin. Code § 304.001 ("A money judgment of a court in this state must specify the post-judgment interest rate applicable to that judgment."); *Rainbow Grp., Ltd. v. Johnson*, No. 03-00-00559-CV, 2002 WL 1991141, at *13 (Tex. App.—Austin Aug. 30, 2002, pet. denied) (citing Tex. Fin. Code § 304.001). Post-judgment interest is earned on the total amount awarded as a money judgment, including, for example and at issue here, court costs. *See*

---

[4] *See id.* (holding that Texas Disposal was entitled to nominal damages in accordance with decisions on presumed damages in defamation per se cases); *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 665 (Tex. 2009) (noting that "nominal damages" usually means award of one dollar).

[5] *See* Tex. Civ. Prac. & Rem. Code § 41.008(b)(1)(A) (capping exemplary damages at twice the economic remediation damages).

[6] The parties agree that Texas Disposal is entitled to 5% interest on its compensatory damages, *see id.* § 41.007, for a period of 13 years and 45 days, *see* Tex. Fin. Code §§ 304.003, .103, .104 (applicable rate and accrual period).

Tex. Fin. Code § 304.003(a); *Dallas Cnty. v. Crestview Corners Car Wash*, 370 S.W.3d 25, 50–51 (Tex. App.—Dallas 2012, pet. denied) (noting that post-judgment interest "accrue[s] on the entire amount of the final judgment (including court costs and prejudgment interest)"). The accrual period for post-judgment interest runs from the date the judgment is rendered to the date the judgment is satisfied. *See* Tex. Fin. Code § 304.005(a). This interest does not accrue, however, during any appellate briefing extensions granted to a party who was a claimant at trial. *See id.* §§ 304.003(c), .005(b). The post-judgment interest rate applicable here is 5% compounded annually.[7] *See id.* § 304.006. In sum then, the information necessary to calculate post-judgment interest includes the applicable interest rate, the total amount of the money judgment, and the accrual period. As stated, the parties here raise issues regarding (1) the effects of Texas Disposal's appellate briefing extensions on the interest accrual period and (2) the amount of costs properly included in Texas Disposal's damages.

**Accrual period**

Texas Disposal's post-judgment interest began accruing on December 9, 2010, the date judgment was rendered, and will continue to accrue until the judgment is satisfied. *See id.* § 304.005(a). As noted, however, post-judgment interest does not accrue during any extensions of time sought by Texas Disposal on appeal. *See id.* § 304.005(b) (providing that "interest does not

---

[7] The post-judgment interest rate is equal to the prime rate as published by the Board of Governors of the Federal Reserve System, *see id.* § 304.003(c)(1), but when the prime rate is at or lower than 5%, the Finance Code sets the post-judgment interest rate at five percent, *see id.* § 304.006. The prime rate has been at or below five percent since May 2008. *See* "Selected Interest Rates (Daily) – H.15," Board of Governors of the Federal Reserve System, *currently available at* www.federalreserve.gov.releases.h15/data.htm.

5

accrue for the period of extension" granted to the complainant at trial); *Waste Mgmt. III*, 434 S.W.3d at 162 (noting that "judgment interest does not accrue for the period of any extension"). The appellate records show, and Texas Disposal does not dispute, that Texas Disposal was granted briefing extensions by the supreme court and this Court that total 150 days. Accordingly, under subsection 304.005(b), post-judgment interest does not accrue on those 150 days.

Texas Disposal reasons, however, that these 150 days should not be subtracted from the accrual period because the extensions were sought to preserve the order of briefing in the wake of briefing extensions granted to Waste Management, not simply to give Texas Disposal more time to brief. To reduce its interest accrual period in light of this explanation, Texas Disposal argues, would not further the purpose of subsection 304.005(b), which it contends is to keep a claimant from accruing interest during a delay it sought. Stated another way, Texas Disposal reasons that because it only sought extensions as necessary to respond to Waste Management's extensions, Texas Disposal did not cause any delay in the rendition of appellate-court decisions.

Although Texas Disposal's argument here is facially appealing, we conclude that the text of the Finance Code forecloses it. *See Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011) ("The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results."). Subsection 304.005(b) simply and plainly states that any briefing extensions granted for Texas Disposal be subtracted from the accrual period: "If a case is appealed and a motion for extension of time to file a brief is granted for a party who was a claimant at trial, [post-judgment] interest does not accrue for the period of extension." Tex. Fin. Code § 304.005(b). This provision defines the

6

period for which interest does not accrue solely in terms of the extension that was *granted for* a claimant at trial. *See id.* It does not address, or suggest that we may consider, the effect of such an extension on the appellate process or the claimant's reasons for seeking such an extension. Further, we cannot say that this leads to an absurd or nonsensical result given that the claimant does, in fact, benefit from the resulting delay, even if that delay was not the purpose of the request for an extension. *See Molinet*, 356 S.W.3d at 411. Likewise, even if we were to conclude that this construction led to unreasonable results here, the supreme court has told us that "reasonableness is not the standard for eschewing plain statutory language." *Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 570 (Tex. 2014) (citing *In re Blair*, 408 S.W.3d 843, 859 (Tex. 2013) (Boyd, J., concurring)). Accordingly, because there is no dispute that Texas Disposal was granted 150 days in extensions, post-judgment interest does not accrue on 150 of the days in the accrual period. *See* Tex. Fin. Code § 304.005(b). Therefore, we hold that the accrual period for Texas Disposal's post-judgment interest is the time between December 9, 2010, through the date the judgment is satisfied, less 150 days.

**Court costs**

The remaining variable for calculating post-judgment interest in this case is the amount of Texas Disposal's damage award, which, as stated, is simply the total amount of the money judgment awarded. But the parties disagree regarding one element of this amount—Texas Disposal's costs. Waste Management argues that Texas Disposal's taxable costs are $158, or the amount shown in the current bill of costs issued by the district clerk. It also argues that Texas Disposal has waived any argument that seeks to modify the bill of costs contained in the record. Texas Disposal, in turn, counters that its taxable costs are $76,981.72, which it supports with lists

7

of its costs attached as two appendices to its briefing in this case, but which it has not yet presented to the district court.[8]

The district court awarded Texas Disposal, as the successful party in the suit, "costs of Court from and against [Waste Management,] against whom *all* costs of Court are taxed." (Emphasis added.) *See* Tex. R. Civ. P. 131 ("The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided."). This means that Texas Disposal is entitled to recover as part of its monetary damages all its court costs. *See Cornelison v. State*, No. 03-07-00664-CR, 2008 WL 3540085, at *2 (Tex. App.—Austin Aug. 14, 2008, no pet.) (mem. op.) (holding that award of "any and all court costs" in criminal judgment was "not an assessment of indeterminate costs, but an assessment of *all* court costs"). Those costs, however, are limited to items that are within the scope of taxable court costs as determined by statutes, rules, and the common law. *See* Tex. Civ. Prac. & Rem. Code § 31.007(b) (listing recoverable court costs, including "such other costs and fees as may be permitted by these rules and state statutes"); *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 175 (Tex. 2013) (noting "costs" generally understood to mean "the fees or compensation fixed by law collectible by the officers of court, witnesses, and such like items"); *Hatfield v. Solomon*, 316 S.W.3d 50, 66 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Texas statutes and common law delineate which items the court may and may not include as taxable costs.") (citing *Sterling Bank v. Willard M., L.L.C.*, 221 S.W.3d

---

[8] Texas Disposal's appendices include amounts for the following types of expenses: filing fees, service fees, attempted-service fees, deposition costs, video deposition costs, copy fees, jury fees, subpoena fees, reporter's record fees, certificate of nonappearance fees (both video and non-video), trial transcript costs, clerk's record costs, and a fee for deposition on written questions.

121, 124 (Tex. App.—Houston [1st Dist.] 2006, no pet.)).  Further, the taxing of these costs is a ministerial duty of the clerk, who fulfills that duty by filing a bill of costs in the record.  *See Operation Rescue-Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 937 S.W.2d 60, 87 (Tex. App.—Houston [14th Dist.] 1996), *aff'd as modified on other grounds*, 975 S.W.2d 546 (Tex. 1998) (noting that "taxing of costs, as distinguished from the adjudication of costs, is merely a ministerial duty of the clerk").

Under the Texas Civil Practice and Remedies Code, taxable court costs include clerk fees and service fees due the county, which include, for example, filing fees, service fees, jury fees, and subpoena fees.  *See* Tex. Civ. Prac. & Rem. Code § 31.007(b)(1); *In re Nalle*, 406 S.W.3d at 175 (noting various types of fees); *Operation Rescue*, 937 S.W.2d at 88 (subpoena and service fees).  Statutorily allowed costs also include court reporter fees for original stenographic transcripts.  *See* Tex. Civ. Prac. & Rem. Code § 31.007(b)(2).  Thus, Texas courts have held that expenses related to depositions, including a deposition on written questions, are taxable court costs. *See Wallace v. Briggs*, 348 S.W.2d 523, 527 (Tex. 1961) ("The expense of taking depositions is an item of court costs and properly chargeable as such."); *City of Houston v. Maguire Oil, Co.*, 342 S.W.3d 726, 749 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (holding that court reporter's fees for depositions are recoverable as costs); *Ferry v. Sackett*, 204 S.W.3d 911, 913 (Tex. App.—Dallas 2006, no pet.) (noting "well-established case law that the costs of taking and filing depositions are recoverable" and holding this includes depositions on written questions); *Shaikh v. Aerovias de Mexico*, 127 S.W.3d 76, 82 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding that costs of taking and filing depositions are recoverable costs).  The costs for video

9

depositions or copies of depositions or transcripts, however, are not recoverable as court costs. *See* Tex. R. Civ. P. 140 (disallowing fees for copies); *Gumpert v. ABF Freight Sys., Inc.*, 312 S.W.3d 237, 240–41 (Tex. App.—Dallas 2010, no pet.) (holding that "because no statute or rule authorizes the recovery of the costs to videotape a deposition or obtain a copy of a deposition transcript," those items are not recoverable costs); *Shaikh*, 127 S.W.3d at 82 (holding costs of copying depositions are not taxable costs).

Each party to a suit is responsible for accurately recording all its costs and fees incurred in this lawsuit, and in the case of a party to whom costs were awarded, presenting a record of those costs to the trial court. *See* Tex. Fin. Code § 31.007(a). As far as we can tell from the record, Texas Disposal has not presented to the district clerk either of the appendices of costs that it has presented to this Court. Likewise, the record indicates that the only bill of costs issued by the district clerk in this matter is for $158, which reflects various filing fees and a clerk's record. This is, then, as Waste Management suggests, the current, official amount of Texas Disposal's court costs. *See Shaikh*, 127 S.W.3d at 82 (noting that costs are those items included in clerk's bill of costs). As such, that bill of costs reflects the amount that would be included in Texas Disposal's damages if its post-judgment interest were being calculated at this time. *See id.*

As mentioned, however, Texas Disposal has included in its briefing to this Court two appendices showing what it contends to be its true court costs, which suggests that Texas Disposal is seeking to retax the costs reflected in the current bill of costs. Although this Court lacks jurisdiction to do so, *see Reaugh v. McCollum Exploration Co.*, 167 S.W.2d 727, 728 (Tex. 1943) (holding that motion to retax costs should be filed in court where costs accrue and, thus, appellate

10

court lacks jurisdiction to retax district court costs), we note, as the Texas Supreme Court did in *Reaugh*, that Texas Disposal may, at any time after the judgment, including after resolution of any appeals, so long as it is filed before mandate issues and costs are paid, file a motion to retax court costs with the district court. *See id*. (holding that claimant "may file a motion in a lower court to have the costs retaxed, even though the main case has already been disposed of on appeal by a higher court"); *2920 Park Grove Venture, Ltd. v. LandAmerica Am. Title Co.*, No. 05-07-00090-CV, 2008 WL 650946, at *1 (Tex. App.—Dallas Mar. 12, 2008, no pet.) (mem. op.) (holding that party may file motion to retax costs in lower court even after "the main case has already been disposed of on appeal by a higher court") (citing *Reaugh*, 167 S.W.2d at 325); *Operation Rescue*, 937 S.W.2d at 87 ("Because taxing of costs, as distinguished from the adjudication of costs, is merely a ministerial duty of the clerk, an error may be corrected upon the injured party's motion, even after the case has been disposed of on appeal, as long as the request is made before the mandate issues and the costs are paid.") (citing *Hartzell Propeller, Inc. v. Alexander*, 517 S.W.2d 455, 456 (Tex. Civ. App.—Texarkana 1974, no writ) (holding as untimely "motion [to retax costs] filed after issuance of the mandate and payment of the costs"))). Stated another way, if the bill of costs does not properly reflect the costs Texas Disposal accrued in the district court, Texas Disposal may seek to make the bill of costs complete by filing a motion to retax the costs in the district court before mandate issues and the costs are paid.

In light of these limits on our jurisdiction, we hold that the district court awarded Texas Disposal all its court costs and that those costs, as reflected in the district clerk's bill of costs—either the one in the record before us or a retaxed bill should Texas Disposal request one in

11

the future—should be included in Texas Disposal's damages for the purpose of calculating its post-judgment interest. To the extent that Texas Disposal seeks to have this Court retax the current bill of costs, we dismiss that motion for lack of jurisdiction. *See Reaugh*, 167 S.W.2d at 728.

**Conclusion**

We render judgment in favor of Texas Disposal as follows:

- $450,592.03 in remediation damages;

- $1.00 in reputation damages;

- $901,184.06 in exemplary damages; and

- $295,663.08 in pre-judgment interest.

We also render judgment awarding Texas Disposal post-judgment interest at 5%, compounded annually, on Texas Disposal's total money damages—which equal $1,647,440.17 plus Texas Disposal's court costs as set forth in the district clerk's final bill of costs—for the period beginning December 9, 2010, through the date the judgment is satisfied, less 150 days.

_____
Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Rendered on Remand

Filed: November 14, 2014