ACCEPTED
04-15-00287-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/30/2015 11:59:40 PM
KEITH HOTTLE
CLERK

# NO. 04-15-00287-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
06/30/2015 11:59:40 PM
KEITH HOTTLE
Clerk

# IN THE FOURTH COURT OF APPEALS

Cecil Adams and Maxine Adams

*Appellants*,

vs.

Harris County, Rebecca Ross, Kathleen Keese, Christopher Prine Clerk of the Court and Chris Daniel District Clerk

*Appellees*

On Appeal from 269th Judicial Court

Houston, Texas

Cause No. 2014-35653

Transferred by Order of the Supreme Court from the First Court of Appeals

Houston, Texas

Cause No. 01-15-00384-CV

## ADAMS' EMERGENCY MOTION FOR REVIEW OF ORDERS PURSUANT TO TEX. R. APP. P. 29.6

Cecil Adams

Maxine Adams

5510 S. Rice #1206

Houston, Texas 77081

p.713.840.0330

Email: cecillovesmax@sbcglobal.net

PRO SE

NOW HERE COMES Maxine Adams and Cecil Adams (collectively the "Adams") to file this Emergency Motion for Review of Orders. Pending before this court is an interlocutory appeal of a governmental plea to jurisdiction Court which affords this Court jurisdiction to review any interlocutory order appealable by statute, interlocutory order that interferes with or impairs the effectiveness of the relief sought or that may be granted on appeal see TEX. R. APP. P. 29.6.

Further mandamus relief is appropriate for denial of a motion file under TEX. R. CIV. P. 91a see *City of Austin* , 431 S.W.3d at 822; *GoDaddy.com LLC*, 429 S.W.3d at 752; and *In re Essex Ins. Co.*, 450 S.W.3d 524 (Tex. 2014). To avoid unnecessary litigation expense and time on the parties; Adams requests this Court review this interlocutory order that is inexplicably tied to this appeal.

The underlying suit was filed to adjudicate of matters in a final appellate judgment and mandate issued by the 1st Court of Appeals on April 4, 2014 to the 269th District Court, Harris County, the Honorable Judge Hinde Presiding (the "trial court"). [Appellate Record "AR" pages 6-11], [Supplemental Record "SR" 1: page 20 Appellate Judgment/ Mandate with Bill of Cost]. The trial court took judicial notice of appellate mandate [CCR Page 12 Lines: 17-25, Page 13: Lines 1-3]; and then opted to conduct a new trial on the merits of the mandate.

> Mr. Quintero: This matter should go before the trial
> clerk. The Court of Appeals in its mandate did not,
> I believe, fully include all the bills and costs of
> the court reporter. We believe the matter should go

- 1 -

forward on that trial of the merits. That way the clerk, excuse me, the court reporter may prove up the fees as her counsel is able to. We believe the clerk should be able to prove up their fees that were owed which is statutory mandate.

THE COURT: All right. Here's my ruling. I don't think dismissal is the appropriate remedy here.

THE COURT: Y'all are set for trial the two-week docket of August 17th.

[CCR page 26: lines 1-9, page 27: lines 18-19, and page 33: lines 9-10].

A former district court judge, the Honorable Sharolyn Wood ("Judge Wood"), and the trial court signed an agreed order transferring the case from the 190th District Court, the Honorable Judge Patricia J. Kerrigan presiding, to the trial court. [AR page 136]. It appears that Judge Wood transferred the case to a court without jurisdiction. The trial court has set trial before the disposition of this appeal will likely occur.

Appellate review of orders is necessary to determine (1) if a case was transferred to a court without jurisdiction; does TEX. GOV'T CODE 74.093(d) render all orders of the 269th District Court void, --including the interlocutory order pending review in this Court. (2) if a transfer order signed by an unassigned judge; does TEX. GOV'T CODE 74.094 render all orders of the 269th District Court void, --including the interlocutory order pending review in this Court [AR page 136]. (3) Review the 190th District Court order denying Adams TEX. R. CIV. P. 91a baseless

dismissal action[1] to definitively end unnecessary litigation. [SR 2: page 21 91a Motion to Dismiss and Order Denying Motion]. (4) Subject to determination on points (1) and (2), review trial court orders that supersede the appellate mandate issued by the 1st Court of Appeals on April 4, 2014 and opinion on its judgment on July 31, 2014 as follows: (a) order denying Adams summary judgment motion on the court reporter's claim to re-tax costs in an old appeal [AR page 230]. (b) order denying summary judgment or Rebecca Ross' ("Ross") suit to amend the final judgment [AR page 230] and (c) order denying Harris County's dismissal of interpleader suit to re-tax the costs in an old appeal [AR page 231].

JURISDICTION OF THE TRIAL COURT UNDER TEX. GOV'T CODE

TEX. GOV'T CODE 74.093(d) provides rules relating to the transfer of cases or proceedings shall not allow the transfer of cases from one court to another unless the case is within the jurisdiction of the court to which it is transferred. Harris County's post mandate suits seeks to adjudicate matters in the appellate mandate issued to the 269th District, rendering the 269th Court without jurisdiction over the case. Since the mandate in question was issued to the 269th District Court (trial court) it has a duty to enforce the judgment; not adjudicate its meaning. Trial courts have a mandatory, ministerial duty to enforce the appellate court's judgment. *In re*

---

[1] TEX. GOV'T CODE 74.093 When a case is transferred from one court to another as provided under this section, all orders issued from the transferring court are returnable to the court to which the case is transferred as if originally issued by that court.

*Richardson*, 327 S.W.3d 848, 850 (Tex. App.—Fort Worth 2010, orig. proceeding) (citing TEX. R. APP. P. 51.1(b).

Additionally, there is no order of assignment in minutes or docket in the trial court that Judge Wood was assigned to the 190th District Court to afford jurisdiction over the 190th District Court. Judges have authority to rule and sign binding orders under TEX. GOV'T CODE 74.094, "[t]he authority of this subsection applies to an active, former, or retired judge ***assigned to a court*** having jurisdiction as provided by Subchapter C." If the court that the case was transferred to was in absence of jurisdiction and/or order transferring the case to the 269th District Court was rendered by an unassigned judge; the 269th never obtained proper jurisdiction to rule on underlying case.

## JURISDICITION OF THE TRIAL COURT AFTER MANDATE ISSUES

A mandate has already issued regarding the facts in the case. In a subsequent appeal, instructions given to a trial court in the former appeal must be adhered to and enforced see *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986). After its plenary power over a judgment expires, the trial court may not issue an order that is inconsistent with the judgment or that otherwise constitutes a material change in the substantive adjudicative portions of the judgment.

### A. COURT REPORTER'S POST MANDATE SUIT TO RE-TAX COSTS

Post mandate, Kathleen Keese, Court Reporter for the 269th District ("269th Court Reporter) filed suit to re-tax costs of court not included in the bill of costs and interplead funds in the registry deposited by Ross. Keese asserted "Keese admits that Keese has and does make claim to a portion of the interpleader funds for $3,391.00. See copy of Keese Invoice No. 11099, attached hereto as Exhibit "A" [AR page 42-43]. The final appellate judgment and mandate tax only the costs that are included in the bill of cost attached to the appellate mandate, Keese's costs for an indigent record are not included [SR 1: page 12].

A trial court determines whether costs should be awarded, but does not determine what specific items should be included in the calculation of costs. The latter determination "is a ministerial duty performed by the clerk." *Pitts v. Dallas County Bail Bond Bd*., 23 S.W.3d 407, 417-18 (Tex. App. – Amarillo 2000, pet. denied), citing *Operation Rescue-National v. Planned Parenthood of Houston and Southeast Texas, Inc*., 937 S.W.2d 60, 87 (Tex. App. – Houston [14th Dist.] 1996), 2 modified, 975 S.W.2d 546 (Tex. 1998) *Reaugh v. McCollum Exploration Co*., 140 Tex. Supreme Court 322, 167 S.W.2d 727, 728 (1943).

Adams filed a no evidence summary judgment motion; the 269th court reporter, did not file a response to the no evidence motion, the trial court waived the necessity for its court reporter to do so.

```
BOOTH:  It's true that we did not file a response in
this, but Ms. Keese is here through counsel prepared
```

to argue here at this hearing.

[CCR page 15: lines 17-19].

The trial court denied Adams summary judgment against Keese [AR page 230]. Adams objected to judicial notice of documents not attached to the pleading [AR page 238-240] which was also denied [SR 3 Order Denying Reconsideration page 22]. This order should be reversed because (1) Keese's costs are not included in the appellate mandate for an indigent record [SR 1 page 20] Appellate courts lack jurisdiction to re-tax district court costs; however a motion to re-tax costs in the district court is appropriate *as long as it is before the mandate* issues see *WASTE MANAGEMENT OF TEXAS, INC. v. TEXAS DISPOSAL SYSTEMS LANDFILL, INC.*, Tex: Court of Appeals, 3rd Dist. 2014 (citing *Reaugh v. McCollum Exploration Co.,* 167 S.W.2d 727, 728 (Tex. Supreme Court 1943). (2) Keese offered no competent summary judgment evidence as required by TEX. R. CIV. P. 166(a)(c) as this Court held in *Sanders v. AMERICAN HOME MORTGAGE SERVICING, INC.*, Tex: Court of Appeals, 4th Dist. 2015 citing *Soefje v. Jones,,* 270 S.W.3d at 626; *Souder v. Cannon*, 235 S.W.3d at 848; *Mowbray v. Avery,* 76 S.W.3d 663, 689 (Tex. App.-Corpus Christi 2002, pet. denied). [2].

---

[2]  Attachment of judicially noticed records must be attached to the summary in order to be considered competent summary judgment evidence.  The evidence must be submitted in a form acceptable for summary judgment proceedings; in other words, the summary judgment evidence must be either sworn to or certified see The Texas Supreme Court in Gardner v. Martin, 345 S.W.2d at 276-77. Souder v. Cannon, 235 S.W.3d 841, 848 (Tex. App.--Fort Worth 2007, no pet.).

## B. DISTRICT CLERKS POST MANDATE INTERPLEADER SUIT TO RE-TAX COSTS AND TAX COST AGAINST FUNDS IN REGISTRY

The taxing of costs is not an adjudication by the court. *Reaugh v.McCollum Exploration Co.*, 140 Tex. Supreme Court 322, 325, 167 S.W.2d 727, 728 (1943). A re-tax costs must occur in the district court before mandate issues see *WASTE MANAGEMENT OF TEXAS, INC. v. TEXAS DISPOSAL SYSTEMS LANDFILL, INC.*, Tex: Court of Appeals, 3rd Dist. 2014 (citing *Reaugh v. McCollum Exploration Co., 167 S.W.2d 727, 728 (Tex. Supreme Court 1943),* 167 S.W.2d at 325).

1. Tabulation of court costs is a ministerial duty under TEX. GOV'T CODE 51.320 that moots suit to determine cost for an appeal.

Tabulating the specific item amounts to be taxed as costs is a "`ministerial duty performed by the clerk.'" *Wright v. Pino,* 163 S.W.3d 259, 261 (Tex.App.-Fort Worth 2005, no pet.)* (quoting *Pitts v. Dallas Cnty. Bail Bond Bd.,* 23 S.W.3d 407, 417 (Tex.App.-Amarillo 2000, pet. denied)* (op. on reh'g)). TEX. GOV'T CODE 51.320 Provides fees are not payable until the district clerk produces produce a bill for services that contains the particulars of the fee charged before payment is due. The bill must be signed by the clerk."

Harris County's petition requests the court to determine the amount due in lieu of the District Clerk performing his ministerial duty. [AR page 220-225] There is no existing controversy as to costs due because a bill determines that; not

adjudication of a court. Mootness deprives the court of jurisdiction. See *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000).

As a matter of law, Harris County cannot establish required elements of interpleader claim of (a) multiple liability[3] or (b) unconditionally tendered the fund or property into the registry of the court. *Savings & Profit Sharing Fund of Sears Employees v. Stubbs,* 734 S.W.2d 76, 79 (Tex. App. -Austin 1987, no writ). (4) Harris County's interpleader suit violates TEX. R. APP. P. 24.1(c) and (d) see footnote [4]. LOC. GOV'T CODE Sec. 117.0521 asserts a clerk is not a trustee for the beneficial owner and does not assume the duties, obligations, or liabilities of a trustee for a beneficial owner holding multiple liability cannot be established when statute shielded interpleading party with absolute immunity *Olmos v. Pecan Grove Mun. Utility Dist.*, 857 SW 2d 734 - Tex: Court of Appeals 1993.

Harris County has admitted that it did not unconditionally deposit funds into the registry, and that Ross tendered the funds. "Ross paid the balance of the judgment into the Registry to supersede enforcement" [AR page 223 par: 1]. See *Savings & Profit Sharing Fund of Sears Employees v. Stubbs.*

C.  POST MANDATE SUIT TO OFF-SET COSTS

---

[3]See LOC. GOV'T CODE Sec. 117.0521. A clerk is not a trustee for the beneficial owner and does not assume the duties, obligations, or liabilities of a trustee for a beneficial owner. *Olmos v. Pecan Grove Mun. Utility Dist.,* 857 SW 2d 734 - Tex: Court of Appeals 1993 (no reasonable doubt when statute shielded interpleading party with absolute immunity)

The court of appeals has already addressed Ross' repeated requests to offset a case that she lost.

> "Ross has further asked both the trial court, and now this Court, to issue an order distributing a portion of the funds in the registry to enforce a judgment she won against the Adamses in a wholly separate cause of action. Ross has cited to no authority showing either the trial court or this Court have jurisdiction to do this." [SR 4: page 23 July 31, 2014 Judgment Opinion].

Again, Ross filed suit to off-set funds in the registry to Ross deposited to stay the enforcement of the final judgment [AR pages 26-31] Adams filed a no evidence summary judgment motion for proof of entitlement to funds in the registry [AR pages 186-188]. The trial court denied Adams' motion [AR page 230]. This order should be reverse as Ross did not supplement any summary judgment testimony or evidence that (1) a final judgment afforded her relief of right of offset; or that she is not liable for the entire amount in the registry pursuant to TEX. R. APP. P. 24.1.[4]

## DISMISSIAL UNDER RULE 91A REQUIRED AS A MATTER OF LAW

### D. COURT ORDER DENYING RULE 91A MOTION

Rule 91a of the Texas Rules of Civil Procedure allows a party to seek dismissal of a groundless cause of action. Tex. R. Civ. P. 91a. The rule provides in

---

[4] TEX. R. APP. 24.1(d) provides the conditions for the surety to honor the bond and for the deposit to be paid to the judgment creditor, who is in fact the Adams and the remaining funds if any to be given to Ross has the judgment debtor. See comments under TEX. R. APP. 24.1(d); see also TEX. R. APP. 24.1(c) "The clerk must promptly deposit any cash or a cashier's check in accordance with law. The clerk must hold the deposit until the conditions of liability in (d) are extinguished. The clerk must then release any remaining funds in the deposit to the judgment debtor."

pertinent part: [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact, the determination based in part on the pleading. Based Harris County's interpleader petition a matter of law Harris County cannot establish required elements of interpleader claim (a) multiple liability[5] or (b) unconditionally tendered the fund or property into the registry of the court. *Savings & Profit Sharing Fund of Sears Employees v. Stubbs,* 734 S.W.2d 76, 79 (Tex. App. -Austin 1987, no writ) supporting argument in Paragraph B. See also [AR pages 6-11].

## REQUEST FOR RELIEF

The Adams request the Court (1) to grant Adams' Emergency Motion to Review Orders pursuant to TEX. R. APP. P. 29.6. (2) Consider the brief and supplement record filed in this Court pursuant to TEX. R. APP. P. 29.6(b) to review orders challenged in the motion and (3) Issue an order of immediate of stay for all trial court proceedings in the 269th District Court, Harris County Texas, the Honorable Judge Dan Hinde presiding until the court has reviewed the plea to jurisdiction and orders challenged in this motion have been reviewed by this Court. Dated this 30th day of June, 2015.

---

[5]See LOC. GOV'T CODE Sec. 117.0521. A clerk is not a trustee for the beneficial owner and does not assume the duties, obligations, or liabilities of a trustee for a beneficial owner. *Olmos v. Pecan Grove Mun. Utility Dist.,* 857 SW 2d 734 - Tex: Court of Appeals 1993 (no reasonable doubt that liability does not exist when statute shielded interpleading party with absolute immunity)

/s/: Cecil Adams                          .
Cecil Adams
5510 S. Rice #1206
Houston, Texas 77081
713.840.0330
cecillovesmax@sbcglobal.net
*Pro Se*

/s/: Maxine Adams                         .
Maxine Adams
5510 S. Rice #1206
Houston, Texas 77081
713.840.0330
cecillovesmax@sbcglobal.net
*Pro Se*

## CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Appellate Procedure 9.2(c)(1), I certify that a copy of this Motion for Review of Orders was served on the following parties by e-service through a government approved electronic filing system via email on June 26, 2015.

Vince Ryan, Esq.
Harris County Attorney
vince.ryan@cao.hctx.net

Clinton Gambil Senior
Assistant County Attorney
clinton.gambill@cao.hctx.net

Keith Toler
Keith.Toler@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
p. 713.274.5173 f. 713.437.8633
**NEW LEAD ATTORNEY**
**ATTORNEYS FOR CHRIS DANIEL AND HARRIS COUNTY**

Timothy J. Henderson
6300 West Loop South, Suite 280
Bellaire, Texas 77401
timhenderson@msn.com
p. 713.667.7878   f. 713.668.5697
**COUNSEL FOR REBECCA ROSS**


Jayson Booth, Esq.
3730 Kirby Drive, Suite 777
Houston, Texas 77098
jbooth@boothricheylaw.com
713.333.0377 713.526.1175 (fax)
**COUNSEL FOR KATHLEEN KEESE**


Christian Cobe Vasquez
Assistant Attorney General
P.O. Box 12548, Capitol Station Austin,
Texas 78711
christin.cobe@texasattorneygeneral.gov
p. (512) 463-2080 f. (512) 495-9139 (fax)
**COUNSEL FOR CHRISTOPHER PRINE**


Christian Cobe Vasquez
Assistant Attorney General
P.O. Box 12548, Capitol Station Austin,
Texas 78711
christin.cobe@texasattorneygeneral.gov
p. (512) 463-2080 f. (512) 495-9139 (fax)
**COUNSEL FOR CHRISTOPHER PRINE**

/s/: Maxine Adams
Maxine Adams
*Pro Se*
/s/: Cecil Adams
Cecil Adams
*Pro Se*